See *People* v. *Lee*, (*post.*)

## THE PEOPLE *v.* CARABIN.

AN indictment for grand larceny, found at a Special Term of the Court of Sessions, is valid. Under the statute authorizing that Court to hold special terms in certain cases, the Court, when specially called, has the same powers as at a regular term.

Defendant was indicted for stealing a steer. The Court charged the jury·in effect, that though defendant killed the steer, believing it to be his own, yet when he appropriated it to his own use and benefit, it was evidence of a felonious intent, and the jury will so find. *Held*, that the charge was erroneous, because it assumes as a fact, that defendant did appropriate the steer—which was for the jury —and then makes the mere fact of appropriation conclusive proof of guilt. The facts of taking and carrying away, the title of the property, and the intent with which it was taken and carried away, should have been left to the jury.

APPEAL from the Court of Sessions, Shasta County.

It seems from the sentence of the Court, and the instructions, that the larceny was by killing and converting to defendant's own use a steer.

Defendant appeals.

*P. L. Edwards*, for Appellant.

1. The indictment was irregular and void. The Court had no power to order the summons of a grand jury for the Special

The People *v.* Carabin.

Term. A grand jury for a special purpose can only be ordered when an offense has been committed during the sitting of a regular Court. (Wood's Dig. 285, Art. 1509, 1510; Id. 510, Art. 2702; Id. 511, Art. 2704.)

Article 670, (Wood's Dig. 154,) is to be construed in connection with these provisions. All are to be so construed as to be operative if practicable; and this can only be done by limiting the power of calling a grand jury to the cases specified in the sections first cited.

The Court erred in the last instruction given at the request of the Prosecuting Attorney. That instruction assumed the existence of a fact, which at most could be only evidential of the principle fact, for proof conclusive of the latter itself. It made the whole case to rest upon a proposition false both in law and in fact.

The subsequent conversion of property, which had been acquired honestly, or by mistake, might have been evidence of an original felonious intent, but could not of itself constitute a substantive larceny, nor one by relation back to an innocent taking.

Besides, it is always an open question whether the caption was *bona fide* under a claim of right, or with a felonious intent. (2 Stark. Ev. 443, 444; 2 Russ. on Cr. 55; 1 Wheeler's Cr. Cas. 168.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The defendant was indicted and convicted in the Court of Sessions of Shasta County of the crime of grand larceny. It is assigned for error, that the indictment was irregularly found, because found at a special term of the Court of Sessions. It is argued that the Court had no power to order the summons of a grand jury for the Special Term. But the statute authorizes the Court of Sessions to hold Special Terms in certain cases, and no limitation seems to be placed upon their powers, when specially called, as exercised by the Court at a regular term.

The other error assigned is more formidable to the judgment. The defendant was indicted for stealing a steer. The Court charged the jury in effect, that though the defendant killed the steer, believing it to be his own, yet when he appropriated it

to his own use and benefit, it was evidence of a felonious intent, and the jury will so find.

The charge is liable to several objections. 1. It assumes as a fact, that the defendant did appropriate the steer—which was for the jury—and then the instruction deduces from the mere fact of appropriation the felonious intent, and directs a finding accordingly. In other words, the charge makes the mere fact of the conversion of the property by defendant. conclusive proof of the defendant's guilt. This is not the law. The jury are the judges of the facts of the taking and carrying away of the property, the title of the property, and of the intent with which the property was taken and carried away. (Whart. Cr. Law, 1774.)

For this error the judgment must be reversed, and the cause remanded for a new trial.