Points decided.

## THE PEOPLE v. GEORGE W. STRONG.

CIRCUMSTANTIAL EVIDENCE IN A CRIMINAL CASE. — The true rule, where circumstantial evidence alone is relied on to sustain a criminal charge, is not, conceding all to be proved that the evidence tends to prove, some other hypothesis than that of the defendant's guilt may be true, but that 'the proof ought not only to be consistent with the prisoner's guilt, but inconsistent with every other rational conclusion.

INSTRUCTIONS IN A CRIMINAL CASE.—It is not error in a criminal case to refuse to give instructions to the jury, the substance of which have already been given, although it is better for the Court to give than to refuse them.

REASONABLE DOUBT IN A CRIMINAL CASE.—The charge of Mr. Chief Justice Shaw on the question of reasonable doubt, in the *Commonwealth* v. *Webster*, 5 Cush. 320, commented on and approved.

THE MAXIM *falsus in uno, falsus in omnibus.*—The rule that a witness who testifies falsely in one thing is to be disbelieved in all things, applies only to cases where a witness wilfully testifies falsely, and does not apply to cases where the witness is innocently mistaken.

CONFESSION OF A CRIME.—A confession, in criminal law, is the voluntary declaration made by a person who has committed a crime, to another, of the agency or participation he had in the same. The word "confession" is not the mere equivalent of the word "statement" or "declaration."

INSTRUCTIONS SHOULD NOT ASSUME A FACT WHICH DOES NOT EXIST.—It is error for the Court, in a criminal case, to assume in its instructions to the jury that the defendant has confessed the crime, when he has not.

JURY TO DETERMINE WHAT THE EVIDENCE PROVES.—It is for the jury, in a criminal case, to determine whether evidence introduced upon a given point amounts to proof of the fact sought to be proved.

DISCRETION OF JURY IN LOOKING AT THE EVIDENCE. — It is error for the Court to instruct the jury, in a criminal case, that they may in their discretion believe a part and disbelieve a part of the evidence. The discretion of the jury is not an unlicensed discretion, but is to be conscientiously exercised upon a consideration of all the facts.

EVIDENCE OF DECLARATIONS OF DEFENDANT. — Where the prosecution prove declarations and conversations of the defendant, in a criminal case, he has a right, on cross examination, to question the witness as to all he said at the time, and has also a right to call on his defense witnesses to prove all that was said occurred at the time.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

*Latimer & McCullough,* and *William Neely Johnson,* for Appellant.

The Court should have given the whole of the first instruc-

tion asked by defendant. It stated the rule of law correctly. (1 Phil. Ev. 437 ; Wharton, 264.)

The Court has no right to refuse a proper instruction, and when an instruction asked presents the law accurately, the Court ought always to give it as asked, especially in criminal cases. (*People* v. *Williams*, 17 Cal. 143 ; *People* v. *Hobson*, 17 Cal. 424 ; *People* v. *Ramirez*, 13 Cal. 172 ; *People* v. *Hurley*, 8 Cal. 390.)

The eleventh instruction asked by the defendant was as follows : " If the jury believe that any witness has sworn falsely with respect to any one material fact, they are at liberty to discard and entirely disregard the whole of the testimony of such witness."

The Court modified this instruction by inserting the word " wilfully " before the word " sworn," making it read " has *wilfully* sworn falsely," etc.

The instruction as asked, stated the law correctly, and should have been given without alteration or addition. It makes no difference (except as hereinafter stated) whether the false swearing of the witness was the result of an abandoned heart or a treacherous memory ; in either case the jury are at liberty to disregard his whole testimony. The difference is this only—where a witness " wilfully " swears falsely as to a material fact, the jury should (and the Court should so instruct them) disregard his whole testimony. (*Dunlop* v. *Patterson*, 5 Cowen, 243.) But where the false swearing is not wilful or deliberate, the jury may or may not discard the whole of the witness' testimony ; and whether they do or do not should depend upon the extent of the corroboration of his testimony. All that was asked by the instruction was that the jury should be left to exercise their discretion in the matter. This exercise of discretion by the jury the Court virtually denied, for the addition of the word " wilful " was tantamount to saying to the jury, " You must take and believe the whole testimony of the witness, unless you find that he has *wilfully* sworn falsely," etc.

This Court has repeatedly decided that a Court has no right

to assume the existence of any fact in charging the jury. (*People* v. *Williams,* 17 Cal. 143 ; *People* v. *Levison,* 16 Cal. 99 ; *People* v. *Ah Fung,* 16 Cal. 137 ; *People* v. *Carabin,* 14 Cal. 438.)

*J. G. McCullough, Attorney-General,* for the People.

By the Court, CURREY, C. J. :

The defendant was indicted for the murder of Frank Holmes in the County of Mendocino on the 13th of June, 1865, and being arraigned plead not guilty. He was tried at the November term of the District Court held in said county and found guilty by the jury. After having moved for a new trial he was sentenced to be executed. The case is brought to this Court on appeal. A long list of alleged errors are assigned on the defendant's behalf, for which he claims he is entitled to a reversal of the judgment against him.

The evidence in the case on which the prosecution relied to establish the defendant's guilt was mostly of a circumstantial nature. After the testimony was closed the counsel for the respective parties requested the Court to give to the jury certain instructions. The Court gave to the jury several instructions requested on the part of the people, and a portion of those requested on the defendant's behalf, but refused to give several others embodying propositions of law which counsel maintain were applicable to the case as it stood upon the evidence. The defendant complains that certain of the instructions given at the request of the prosecution were erroneous, and that the Court erred in refusing to give certain of the instructions requested on the part of the defendant.

The instructions requested by the defendant's counsel and rejected by the Court have reference to the doctrines of circumstantial evidence. One of these reads as follows: "Circumstantial evidence is always insufficient to convict; when conceding all to be proved that the evidence tends to

prove, some other hypothesis than that of the defendant's guilt may be true." The true rule on the subject is stated by Greenleaf, as follows: "Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with every other rational conclusion." (1 Greenl. Ev., Sec. 34; *People* v. *Shuler*, 28 Cal. 490.) The fault of the instruction refused consists in the want of the qualification contained in the passage cited from "Greenleaf's Evidence." We therefore hold that the Court properly refused the charge as requested.

### *Giving the same instruction twice.*

At the request of the defendant's counsel, the Court in the first place charged the jury, in substance, that in criminal cases a mere preponderance of evidence is not sufficient to warrant a verdict of guilty, but the testimony must be such as to satisfy them beyond a rational doubt of the defendant's guilt before they can find him guilty. Two other instructions relating to the subject were given to the jury at the defendant's request, one of which reads as follows: "The hypothesis contended for by the prosecution must be established to an absolute moral certainty to the entire exclusion of any rational probability of any other hypothesis being true, or the jury must find the defendant not guilty." The other instruction given reads as follows: "It is not sufficient that the circumstances proved coincide with, account for and therefor render probable the hypothesis sought to be established; but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty." These two instructions are substantially and almost literally in the language of books which treat of the subject, (Burrill on Circumstantial Evidence, 181, 182; 1 Starkie's Ev. 482, 483, and 510,) and present for the guidance of the jury the doctrine of the law in its plenitude, in relation to the matter to be passed upon by them. Following the instructions so given at the defendant's request, there are

others numbered five, six, seven, and eight, which the Court refused to give. Two of these are almost in the exact language of Burrill in his work on circumstantial evidence, at page one hundred and eighty-nine. But the principles which are inculcated by these requested instructions are clearly set forth in others given, and in the general charge of the Court to the jury. If upon the examination of the instructions given we see that all in substance which the defendant asked for and was entitled to, was fully and fairly submitted to the jury, we cannot presume he was injured by the refusal of the Court to reiterate the same thing, even though submitted in a different form. We may repeat here, the remark made upon a like occasion, that in such cases it is better for the Court to give the instructions asked than to refuse them, because by such refusal a pretext is afforded for an appeal, which otherwise might not be taken. (*People* v. *King*, 27 Cal. 515.)

At the defendant's request the jury were charged that every person is presumed to be innocent until the contrary is proved; and in case of a reasonable doubt as to whether the guilt of the defendant has been satisfactorily proved, he is entitled to the benefit of such doubt, and to a verdict of not guilty. And in the general charge of the Court the jury were instructed in relation to the subject of reasonable doubt, substantially in the language of Mr. Chief Justice Shaw, in the case of *The Commonwealth* v. *Webster*, 5 Cush. 320, which is probably the most satisfactory definition ever given to the words "reasonable doubt" in any case known to criminal jurisprudence.

### *Falsus in uno, falsus in omnibus.*

The defendant requested the Court to charge that "if the jury believe any witness has sworn falsely with respect to any one material fact, they are at liberty to discard and entirely disregard the whole of the testimony of such witness." Instead of giving the instruction precisely as requested, the Court modified it by adding the qualifying word "wilfully" before the word "sworn," and then submitted the instruction

as changed to the jury, to which action of the Court the defendant's counsel excepted.

The maxim *falsus in uno, falsus in omnibus,* the defendant's counsel insists upon carrying to the extent of an entire exclusion by the jury in their discretion of the testimony of a witness innocently mistaken upon any material point. As a general proposition a jury cannot be said to have the right of their mere caprice, under the guise of a legal discretion, to disregard the entire testimony of a witness because he may have made an innocent mistake as to a particular fact. Whether they have or not must depend upon the circumstances and extent of the mistake, and upon its relation and connection with the balance of his testimony against which the imputation of falsehood cannot be justly made. Jurors are bound to exercise their judgment with the same conscientious care and circumspection that a just Judge would do. An unintentional mistake respecting a material fact may, and usually does affect the general credit of the witness to a greater or less degree; but it is often the case under such circumstances that no sufficient cause exists for disregarding his testimony respecting other material matters. Mr. Evans, in his learned treatise on the law of evidence, to be found in the second volume of his edition of Pothier on Obligations, supports the view above advanced, as follows: "It is said that if a witness deposes falsely in any part of his testimony the whole of it is to be rejected; and this is certainly correct so far as the falsehood supposes the guilt of perjury, the ground of credit being there destroyed; but if nothing can be imputed to the witness but error, inaccuracy or embarrassment; if there does not appear to be a real intention to deceive or misrepresent, neither the objection nor the reason for it applies. The argument is sometimes urged, with considerable vehemence, that a party who relies upon the testimony of a witness must take it altogether, and cannot rely upon the one part and reject the other; whereas, there is no inconsistency in asserting the general veracity of a narrative,

and contending for the inaccuracy of some of its incidental particulars." (2 Poth. on Ob. 227.)

The instruction as requested was designed to inform the jury that it was their province to reject the entire testimony of any witness who had deposed to any material fact falsely, though without any intention so to do. We think a charge so unlimited is not authorized by the rules of law, and would be committing to the jury the exercise of a discretion that might subvert the ends of just investigation.

### *Confessions, as distinguished from admissions.*

At the request of the District Attorney, the Court charged the jury in these words: " You may give to the defendant's admissions and confessions such weight as you may deem them entitled to, judging from the circumstances under which they were given, and the motives which would naturally actuate the party giving them, and that you may, in your discretion, believe a part and disbelieve a part of such admissions and confessions." To this the defendant's counsel excepted, and we think the exception well taken. From an examination of the evidence we have been unable to discover anything therein which by any fair construction can be called a confession. The Attorney-General, who represents the people in this Court, has not, though his attention has been called to it, undertaken to point out anything in the testimony of the witnesses even tending to prove a confession on the part of the defendant of any participation in the commission of the alleged homicide. A confession, in criminal law, is the voluntary declaration made by a person who has committed a crime or misdemeanor, to another, of the agency or participation he had in the same. (Bouvier's Dic. Confession.) The word " confessions " is not the mere equivalent of the words statements or declarations. The defendant made statements to several of the witnesses, as they testified, respecting the departure of Holmes for San Francisco, and of their appointment to meet at that place, etc., but it is nowhere to be found in the testimony of the witnesses that he admitted

or confessed to any participation in the homicide. In giving the instruction under consideration the Court assumed that the defendant had made confessions. Even if the evidence had tended to prove that the defendant had in any degree admitted or confessed participation in the crime with which he stood charged, it was for the jury to determine whether such evidence amounted to proof of the fact. (*People* v. *Levison*, 16 Cal. 98 ; *People* v. *Ah Fung*, Ib. 137 ; *People* v. *Carabin*, 14 Cal. 438 ; *People* v. *Williams*, 17 Cal. 146.) In the same charge the jury were told that they might in their discretion believe a part and disbelieve a part of such admissions and confessions. We are not satisfied that this part of the charge would under any circumstances be entirely accurate and just, though it may be said to be warranted, if confessions had been made, by what the Court said in *The People* v. *Wyman*, 15 Cal. 74. The jury in the exercise of their discretion may determine what part of a narrative of the accused is to be believed, and what discredited, provided there are reasons for so doing. The discretion of a jury, it should be remembered, is not an arbitrary one ; and Courts should be careful to guard persons accused of crime and who are presumed to be innocent until proved guilty, from the consequences of an unlicensed discretion of the jury ; and when it may be deemed proper to instruct them on the subject, they should be told that their discretion is to be conscientiously exercised upon a consideration of all the facts and circumstances of the case. (Greenleaf's Ev. Sec. 218.)

### Cross examination.

The prosecuting attorney produced witnesses who testified to conversations had by them with the defendant at the place of Holmes' residence a few days after it became suspected that the latter had been murdered. These witnesses were at the house together with the defendant, and several testified as to what the defendant said respecting the watch and carpet sack of Holmes, which the latter had left at the house, and of his intention to take the same to Holmes when he, the defend-

ant, should go to San Francisco. One Wambold was present at such conversation, and was examined by the District Attorney respecting what took place and what was said by the defendant while the witness was there. On his cross examination he said, that while at the house, the defendant called the attention of the witness and those with him to the watch and carpet sack. To this the District Attorney objected, on the ground that it was not properly a part of the cross examination. And the Court sustained the objection, and the defendant's counsel excepted.

In the course of the trial Wambold was called as a witness on behalf of the defendant, and testified that he was at Holmes' house with the party when the defendant called their attention to the carpet sack and watch. He was then asked if the defendant at that time said anything about carrying the carpet sack to Holmes. To this inquiry the District Attorney objected, assigning as a reason therefor that the matter sought to be proved was not evidence. The Court sustained the objection, saying: "If this was cross examination, it would be competent—not being cross examination I sustain the objection, because the party seeks to call out declarations of the defendant in his own favor." To this ruling the defendant's counsel excepted.

## *Testimony for defense.*

Witnesses on the part of the prosecution had been permitted to give their account of what the defendant said in relation to the carpet sack, and of his intention to deliver it to Holmes. The defendant proposed to prove by Wambold, on his cross examination, what the defendant did say on the subject, and the Court sustained an objection to it, because it was not properly a cross examination ; when the same thing was attempted to be proved by the same witness as a witness for the defendant, an objection thereto was sustained on the ground that the examination was not a cross examination, and because it was seeking to prove declarations of the defendant made in his own favor. Assuming that what the defendant

said respecting the watch and carpet sack was properly admissible as evidence, it needs no argument to show that the defendant had a right to examine Wambold as to what was said on the subject by the defendant. The defendant was not concluded by the account given of the conversation by the other witnesses. He was entitled to the testimony of Wambold, who, for aught we can know, would have given a version of it substantially and perhaps entirely different from that already in evidence.

For the errors noticed and commented upon the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.