## THE PEOPLE *v.* MICHAEL G. LACHANAIS.

RATIONAL DOUBT.—When the testimony on a trial for murder is entirely circumstantial, and there is nothing which connects the defendant directly with the homicide, the defendant if he desires it is entitled to a full and clear instruction as to what the law means by a rational doubt.

INSTRUCTIONS IN CRIMINAL CASE.—The better course is for the Court never to refuse an instruction asked on behalf of a defendant in a criminal case, to which there is no valid objection although the jury may have been already fully instructed on the point.   A District Attorney ought never to object to such instructions.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The defendant was indicted for the murder of Pablo Moreno,

at Los Angeles County, on the 22d day of October, 1866. The Court below instructed the jury as follows:

" The defendant may be convicted on circumstantial evidence, if the jury believe from the proof that such evidence is inconsistent with his innocence and leaves no rational doubt of his guilt.

" Doubts must be reasonable. A juror has no right to disbelieve the evidence as a juror while he believes it as a man.

" If the jury have any reasonable doubts as to the guilt of the defendant, they will acquit."

The attorney for the defendant asked the following instructions, which were refused:

" The accused is entitled to the benefit of all reasonable doubts, which after careful consideration may be found in your minds, as well as to the sufficiency of the proof of any and all alleged facts necessary to constitute either of the offenses of which he may be convicted under the indictment, as also whether he is guilty of any of them. Before conviction the persuasion of guilt produced by the evidence ought to amount to almost certainty, or such a moral certainty as convinces the minds of the jury as reasonable men. You must understand, however, that what is meant by a reasonable doubt is not a mere possible doubt, since it should not be overlooked that everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. It is that state of the case which after the entire comparison and consideration of all the evidence leaves the minds of jurors in such condition, that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge. All the presumptions of law independent of evidence are in favor of innocence, and every person is presumed innocent until proved guilty."

The defendant was convicted of manslaughter, and sen-

tenced to imprisonment for the term of three years, and appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Kewen & Howard*, for Appellant.

*J. G. McCullough, Attorney-General*, for the People.

By the Court, SANDERSON, J. :

The testimony is entirely circumstantial. We have read it carefully and find nothing which directly connects the defendant with the homicide, assuming that one was committed. Where such are the conditions it is of vital importance to the defendant that the jury should be instructed fully and clearly upon the question of reasonable doubt; for the evidence must not only be consistent with the guilt of the defendant, but inconsistent with every other rational conclusion. (*People* v. *Strong*, 30 Cal. 154.) It is true that the Court, in a general way, at the request of the District Attorney, instructed the jury that they must be convinced of the guilt of the defendant beyond a reasonable doubt or acquit; but nothing was said as to what the law means by a rational doubt. The defendant, if he so desired, was entitled to a full and clear instruction upon that subject, both as to the fact of homicide and the participation of the defendant. His counsel prepared one which, so far as we can discover, is not only without any substantial objection, but is not even obnoxious to criticism. It seems to have been prepared with unusual care and precision. It was nevertheless refused. The Attorney-General concedes that it is sound and that it would have been better to have given it, but claims that the law upon the subject is sufficiently stated in the instructions which were given. We do not think so. We have held that it was not error to refuse to give an instruction, though unobjectionable in all respects, where the jury have been already instructed fully upon the point to which the instruction is directed; but we have done so with reluctance, and we have repeatedly

suggested that the Court in such cases ought to give the instruction and not take the chances of this Court looking at the matter in the same light. (*People* v. *King*, 27 Cal. 515; *People* v. *Williams*, *ante*, 280.) Suppose the result to be that the law is twice stated, it does no harm. No harm would be done if it was stated three times. On the contrary, it might in many cases result in good. What appears plain and easy of comprehension to bench and bar does not always appear so to those who occupy the jury box. It would be strange if it did. The better and safer course is for the Court never to refuse an instruction asked on behalf of a defendant in a criminal case, to which there is no valid objection, and District Attorneys ought never to object to such instructions. It is their duty to prosecute the case to the best of their ability, but it is not their duty to oppose in any manner a full and fair defense. To do so is not to prosecute, but to persecute, and the latter is no part of their duty.

Judgment reversed and a new trial ordered.