Decided at PENDLETON, July 18, 1896.

## STATE *v.* HEIDENREICH.
### [45 Pac. 755.]

CRIMINAL LAW — "CONFESSIONS" — "ADMISSIONS." — The words "confession" and "admission" are not synonymous, the latter relating to the acknowledgment of facts, and the former to the acknowledgment of guilt; so that a charge using the word "confession," where the evidence merely shows an admission of facts from which a conclusion of guilt might in a certain instance be drawn, was erroneous.

From Union: ROBERT EAKIN, Judge.

The defendants David Heidenreich and G. D. Briggs, having been jointly indicted, tried, and convicted of the larceny of a cow and a steer, the property of A. Ferguson, were sentenced to the penitentiary for the term of one year, from which judgment they appeal, assigning as error of the trial court, *inter alia*, the giving of the following instructions: "The evidence of oral admissions or confessions of a defendant are admissible against him on the trial; but if you believe from the circumstances proven that the defendant may not have clearly expressed his own meaning, or the witness misunderstood him, or that he is incorrectly remembered, the confession should be viewed with great caution." "In

this case, if you believe from the testimony and the circumstances that the defendants' confessions were correctly and understandingly made by the defendants, and that the language is correctly remembered and accurately given in evidence by the witness, then such confessions are entitled to weight the same as other evidence." "The confession of the defendant may be given in evidence against him on trial for a crime, but such confession is not sufficient alone to warrant a conviction, without some other proof that the crime has been committed, that is, the body of the offense must be proven by some other evidence." Exceptions to this portion of the judge's charge having been taken and allowed, it is contended by counsel for the defendants that there was no evidence introduced at the trial tending to show that either of them had ever made a "confession," and this being so, the court erred in its use of the term.                    Reversed.

For appellants there was a brief by *Messrs. Fee, Carter, Hailey and Austin*, with an oral argument by *Mr. James A. Fee*.

For the state there was a brief and an oral argument by *Messrs. John L. Rand*, district attorney, and *Charles H. Finn*.

In the examination of the question presented by this appeal it is proper to give the meaning of the word so used. Bouvier, in his Law Dictionary, defines it as follows: "A confession, in criminal law, is the voluntary declaration made by a person who

has committed a crime or misdemeanor, to another, of the agency or participation which he had in the same." Greenleaf, in his work on Evidence, § 170, in distinguishing between "admissions" and "confessions," says: "In our law, the term admission is usually applied to civil transactions, and to those matters of fact, in criminal cases, which do not involve criminal intent; the term 'confession' being generally restricted to acknowledgments of guilt." If a person charged with or suspected of the commission of a crime voluntarily admits to another his agency or participation therein with a criminal intent, such admission is denominated a "confession"; but if such person details the circumstances of and his connection with the commission of the act for the purpose of explaining his conduct, so as to . rebut the inference of a criminal intent, such statement is not a confession of his guilt: *People* v. *Strong*, 30 Cal. 151; *People* v. *Parton*, 49 Cal. 632; *People* v. *Velarde*, 59 Cal. 457; *People* v. *LeRoy*, 65 Cal. 613 (4 Pac. 649). We have examined the evidence contained in the bill of exceptions in vain to find that either of the defendants ever made an acknowledgment of a criminal intent to appropriate the property in question to his own use without the consent of the owner thereof. It is true, each defendant freely communicated to other persons the circumstances connected with their possession of the cow and steer, and, as witnesses in their own behalf, testified that the property was purchased by them from one Edward Truesdale, who represented that he was the owner thereof, and that they believed

him to be such owner. They also detailed the manner in which they obtained the possession of the property, but these statements and this evidence were made and given in explanation of an honest purpose, and to rebut the inference of a criminal intent, and cannot be construed as a confession of guilt.

It only remains to be seen whether the adoption of the word "confession," when used in the charge complained of as a synonym for "admission," was presumptively prejudicial to the defendants. In *People* v. *Strong*, 30 Cal. 151, the trial court gave the following instruction: "You may give to the defendant's admissions and confessions such weight as you may deem them entitled to, judging from the circumstances under which they were given, and the motives which would naturally actuate the party giving them, and that you may, in your discretion, believe a part and disbelieve a part of such admissions and confessions." An exception to this portion of the charge having been allowed, the judgment, upon appeal, was reversed and Currey, C. J., in rendering the opinion of the court, says: "The word 'confessions' is not the mere equivalent of the words 'statements' or 'declarations.' The defendant made statements to several of the witnesses, as they testified, respecting the departure of Holmes for San Francisco, and of their appointment to meet at that place, etc., but it is nowhere to be found in the testimony of the witnesses that he admitted or confessed to any participation in the homicide. In giving the instruction under consideration the court

assumed that the defendant had made confessions. Even if the evidence had tended to prove that the defendant had in any degree admitted or confessed participation in the crime with which he stood charged, it was for the jury to determine whether such evidence amounted to proof of the fact." So, too, in *Covington* v. *State*, 79 Ga. 687 (7 S. E. 153), the trial court, instructing the jury, used the word "confession" as a synonym for "admission" made by the defendant concerning his relation to the commission of the crime with which he was charged, and, having been convicted, the court by BLECKLEY, C. J., in reversing the judgment, refers to the defendant's statements and says: "He admitted facts which were very powerful evidence against him of complicity in the burglary, but all the facts he admitted could have existed consistently with his perfect innocence of the crime of burglary. And it seems to have been his design in all his statements not to inculpate himself, but exculpate himself. He made the admissions, not for the purpose of conceding that he was guilty, or with any view to confess his guilt, but in the line of a denial of guilt; not an express, but an implied, denial." To the same effect also is the opinion of the court in *Fletcher* v. *State*, 90 Ga. 468 (17 S. E. 100). The court, by the use of the word "confession" in the instruction complained of, may have meant "statement" or "admission" not involving a criminal intent, but by such use of the word it assumed the existence of a fact not in evidence, which might have misled the iury. It is settled by this court that it is reversible

error for the court in charging the jury to assume that a fact is established when it is in dispute, or when there is no evidence of its existence: *State* v. *Morey*, 25 Or. 241 (35 Pac. 655); *State* v. *Bowker*, 26 Or. 309 (38 Pac. 124). It follows that the judgment· is reversed, and a new trial ordered.

REVERSED.

Decided at PENDLETON, July 18, 1896.