MARCOS C. DE BACA et al., Plaintiffs in Error, v. THE
PUEBLO OF SANTO DOMINGO, Defendant in
Error.

SYLLABUS BY THE COURT.

1.   APPELLATE—PRACTICE—FINDINGS OF TRIAL COURT. The findings
of fact made by a judge who decides a case without a jury, are
entitled to as much if not more consideration than the findings of
a master or referee, and where the decree based thereon is not
manifestly wrong, the same will not be disturbed.

2.   PRACTICE, TRIAL—APPOINTMENT OF INTERPRETER. The appointing
of an interpreter is in the discretion of the court, and is not ap-
pealable.

3.   ACEQUIA—RIGHT TO WATER FLOWING THROUGH. The failure to
work an acequia under the laws of the Territory regulating the
same, will not justify those who have no interest therein in wrong-
fully appropriating water flowing through it.

*Error* to the District Court of Bernalillo county, Second
Judicial District.   Affirmed.

Facts are stated in the opinion.

THOMAS B. CATRON, E. V. CHAVES, H. L. WARREN and
MARCOS C. DE BACA for plaintiffs in error.

F. W. CLANCY and GEO. HILL HOWARD for defendants in error.

MILLS, C. J.—1. In this case, a jury was waived and the cause was tried by the court, which held in favor of the Pueblo, the plaintiff below. We have carefully considered all of the evidence introduced at the trial, and find that there is testimony to support the findings on which the decree is based. The findings of fact made by the judge who decides a case without a jury are entitled to as much if not more consideration than the findings of a master or referee. As the decree in this case does not seem to be manifestly wrong, and as we are bound by the repeated decisions of this court, the decree will not be disturbed. Davis v. Schwartz, 155 U. S. 631; Kimberly v. Arms, 129 U. S. 524; Zanz v. Stover, 2 N. M. 29; Torlina v. Torchlight, 5 N. M. 148; De Cordova v. Korte, 7 N. M. 678; Field v. Romero, 7 N. M. 630; Gentile v. Kennedy, 8 N. M. 347; Givens v. Veeder, 50 Pac. Rep. 16; Express Co. v. Walker, 54 Pac. 875; First Natl. Bank v. McClellan, 58 Pac. 347; Johnson v. Gallegos, decided at this term.

*APPELLATE practice; findings of trial court.*

2. The court committed no error in appointing one of the Indians as interpreter. The appointment of an interpreter is in the discretion of the court, and is not appealable. 11 Am. and Eng. Ency. of Law, p. 525; People v. Ramirez, 56 Cal. 533.

*PRACTICE: trial: appointment of interpreter.*

3. The ditch in question was built by the Indians very many years ago. It has been maintained by and belongs to them, and we are unable to see how their failure to elect a mayordomo and work the acequia, under the laws of the Territory regulating such election and work, would justify the plaintiffs in error in wrongfully appropriating water flowing through it, which the court below finds does not belong to them.

*ACEQUIA: right to water flowing through.*

There is no error in the decree complained of, and the same is therefore affirmed.

Parker and McFie, JJ., concur.

Crumpacker, J., having tried the case below, did not participate in this decision; Leland, J., absent.

---

[849. February 8, 1900.]