# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES FRANCIS MANZELLA, JR.,
*Appellant.*

(60647; CA A43306)

744 P2d 1321

Steven R. Cotton, Gladstone, argued the cause and filed the brief for appellant.

William J. Magavern, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

Young, J., dissenting.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for driving while suspended. ORS 811.175(1). He contends that the trial court erred in denying his motion for judgment of acquittal because the only evidence that he was driving was his uncorroborated "confession." *See* ORS 136.425(1). The question is whether there is some proof, other than defendant's statements to a police officer at the scene of an accident, that he was driving. We conclude that there is and affirm.

Officer Erickson was the only state's witness at trial. He testified that he was dispatched to investigate a two-car accident. When he arrived, there were no cars in the street. However, there were some cars parked in an adjacent parking lot. Defendant, who was in the parking lot, volunteered information to Erickson about the accident. He told Erickson that he had been driving a 1976 Toyota that had been struck from the rear while he was stopped waiting to make a left turn. Defendant admitted that he knew that there were restrictions on his driver's license and that he was driving in violation of those restrictions. Erickson checked defendant's driver's license number and issued defendant a citation for driving while suspended. Defendant expressed no surprise or objection to receiving the citation. No one else came forward to claim any rights in the car.

On cross-examination, Erickson testified:

"Q: Officer, when you got to the scene, * * * did you see the defendant's vehicle?

"A: I can't recall. There was four different vehicles involved. Some of them were parked right there and there were a couple that were parked across the street.

"Q: Okay. So you don't have any specific recollection of having seen a vehicle allegedly driven by the defendant?

"A: I don't have any recollection.

"Q: And you obviously did not see the defendant driving yourself.

"A: No, I did not.

"Q: What physical evidence did you * * * personally see at the scene that would indicate to you that the defendant had been driving?

"A:   Uh, physical evidence, I had just other vehicles that were damaged, uh statements of other drivers.

"Q:   Okay, but physical evidence, was there any physical evidence that the defendant had driven a motor vehicle?

"A:   I—no.

"Q:   No. Okay. And * * * the only evidence of that fact is the defendant's own statements.

"A:   Yes."

Defendant's motion for a judgment of acquittal at the close of the state's case was denied.

The trial court stated, in relevant part:

"On a motion, we look at the evidence most favorable to the state, of course. And the statement of * * * Mr. Manzella was that he in fact had been driving. But there is a good deal more than that. Nobody else pretended to be operating that vehicle. There was no other person around. Mr. Manzella was the only one who showed any interest in that vehicle whatsoever. That, in itself, is some corroboration. Certainly not an admission or a confession. But actions that would indicate in fact that he was in control of the vehicle at the time it was on the street and involved in the accident. That was his whole interest: to face the accident, and the circumstances that would evolve from that.

"He gave his name. He gave his date of birth, and his, I guess, license number because he had to have a license with him anyway checked out through the ODL or through the Motor Vehicle Department records. And it was, in fact, the same one. That indicated Manzella did have that license with that number. It was him, in other words, not somebody else. He identified himself as Manzella, and was, in fact, Mr. Manzella. At least for the court's satisfaction, he was.

"* * * In this instance, he acted as though he were operating the vehicle, and as if he were the only one with any interest in the vehicle, I think it would be a gross misjudgment to infer anything other than the fact he was driving that vehicle. Disregarding his statement, if he had said he was not driving the car, there would still be a reasonable inference that he was in fact operating that vehicle. His interest in it was so expressed by his actions.

"About his knowledge of restrictions: as far as that is concerned, there would be no point in acknowledging any

restrictions if he in fact had not been operating a motor vehicle.

"I feel there's enough evidence to corroborate his statement that in fact he had been driving."

■ ORS 136.425(1) provides that a "confession" is not sufficient to support a conviction, unless there is "some other proof that a crime has been committed." "Some other proof" means enough evidence, circumstantial or otherwise, from which the trier of fact may draw an inference that tends to prove the *corpus delicti. State v. Lerch,* 296 Or 377, 398, 677 P2d 678 (1984); *State v. Oslund,* 71 Or App 701, 709, 693 P2d 1354, *rev den* 299 Or 37 (1985). In this case, the *corpus delicti* consists of evidence of (1) driving and (2) doing so without a valid operator's license. There is no dispute that there was "some other proof" sufficient to establish the second element of the *corpus delicti.* The parties disagree, however, as to whether there was "some other proof," other than defendant's statements to Erickson, that defendant was driving.

■ Very little corroboration is required, assuming that defendant did confess. The *reliability* of his statements is unchallenged.[1] After he talked to defendant at the accident scene, Erickson checked defendant's driver's license number. It is a reasonable inference that defendant gave him that information. He would have had no apparent reason to do so unless he was driving one of the cars involved in the accident. Defendant gave Erickson his statement about the cause of the accident. He did not suggest that he was merely a witness. He told Erickson that his car was involved in the accident and that he had been rear-ended by the other car while he was waiting to turn left. Those statements were not a "confession" of driving while suspended. *See State v. Allen,* 79 Or App 674, 680-81, 720 P2d 761, *rev den* 301 Or 765 (1986).[2]

---

[1] In 1923, Judge Learned Hand is said to have stated:

"Our procedure has always been haunted by the ghost of the innocent man convicted. It is an unreal dream." Quoted in Silberman, *Criminal Violence, Criminal Justice* (1978) 262.

[2] In *State v. Allen, supra,* we said:

"A 'confession' is a voluntary admission or declaration made by a person who has committed a crime, to another, of the agency or participation which that person had in it. *State v. Stevenson,* 98 Or 285, 291, 193 P 1030 (1920). In a legal sense a 'confession' is restricted to an acknowledgment of guilt made by a person after an offense has been committed, and does not apply to a mere statement or

Defendant's admission that he knew about the restrictions on his driver's license would have been irrelevant had he *not* been driving. Defendant expressed no surprise or objection when Erickson cited him for driving while suspended. Common sense and experience tell us that, if defendant had not been driving one of the cars involved in the accident, he would have protested receiving the citation. His silence under the circumstances raises a reasonable inference that he was driving. *See State v. Campbell,* 44 Or App 3, 8, 604 P2d 1266, *rev den* 289 Or 71 (1980).

Viewing the evidence in the light most favorable to the state, *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971), we conclude that there is some proof, other than defendant's statements to the police at the scene of the accident, that he was driving. We find no error.

Affirmed.

**YOUNG, J.,** dissenting.

I disagree with the majority's conclusion that the state produced sufficient "other proof" to corroborate defendant's confession or to prove the *corpus delicti.*

The record in this case is sparse. A police officer was called to the scene of an accident. When he arrived there were no cars in the street. There were some cars parked in a parking lot next to the street. Defendant was in the parking lot. He told the officer that his car was a 1976 Toyota two-door sedan and that he had stopped to make a left turn when his car was hit from behind. In response to the officer's questions, defendant said that he had a restricted driver's license and that he was driving in violation of the restrictions. That is all we know.

The majority's attempt to embellish the facts does

---

declaration of an independent fact from which such guilt may be inferred. *State v. Reinhart,* 26 Or 466, 477-78, 38 P 822 (1895); *see State v. Weston,* 102 Or 102, 113-14, 201 P 1083 (1921). An 'admission' is a concession or voluntary acknowledgment made by a party of the existence of certain facts that are relevant to the cause of the adversary. *State v. Weston, supra,* 201 Or at 114; *see* OEC 801(4)(b). The words 'confession' and 'admission' are not synonymous. 'Confession' relates to the acknowledgment of guilt; 'admission' relates to the acknowledgment of a fact. *State v. Weston, supra,* 102 Or at 114, quoting *State v. Heidenrich,* 29 Or 381-382-83, 45 P 755 (1896). *See State v. Howard,* 102 Or 431, 451-52, 203 P 311 (1921).

not create sufficient "other proof." The fact that defendant gave the officer his driver's license is as consistent with his being a witness as it is with his being a driver. His failure to identify himself as a witness is not dispositive. His acknowledgment of his license restrictions was in direct response to the officer's questions and was accompanied by the acknowledgment that he was driving beyond the restrictions. That statement is confessional and cannot be used to corroborate a confession. ORS 136.425(1); *See State v. Stevenson,* 98 Or 285, 291, 193 P 1030 (1920). There was no physical evidence that defendant even had a car at the accident scene. There was no indication of how he reacted to the citation. The majority speculates when it states that defendant was silent. The state produced no witnesses other than the police officer. In short, the state's case is based solely on the testimony of the police officer whose testimony, in turn, was based on what defendant told him.[1]

In the absence of facts, the majority labels defendant's statements regarding his car and the accident as admissions and contends that those statements offer "other proof" to corroborate the confession. However, the majority fails to identify the confession to be corroborated. I assume that the majority intends that defendant's statement that he was driving outside the scope of the license is the confession. However, the majority's failure to delineate the confessional statement illustrates its own discomfort with the distinction between admissions and confessions. *See State v. Howard,* 102 Or 431, 451, 203 P 311 (1921).

The basic distinction between a confession and an admission is that a confession is an acknowledgment of guilt, whereas an admission is a statement of fact from which guilt may be inferred. *State v. Reinhart,* 26 Or 466, 477-78, 38 P 822 (1895). "If a person * * * details the circumstances of and his connection with the commission of the act for the purposes of explaining his conduct, so as to rebut the inference of a criminal intent, such a statement is not a confession of his guilt." *State v. Heidenreich,* 29 Or 381, 45 P 755 (1896). An admission of fact from which guilt is directly deducible is a confession,

---

[1] The officer attempted to testify about statements made by other drivers at the scene. The trial court sustained defendant's objection to the admission of those statements. We therefore do not consider them as corroboration.

but statements which are consistent with innocence are admissions. *State v. Porter,* 32 Or 135, 143-47, 49 P 964 (1897); *see State v. Weston,* 102 Or 102, 115-17, 201 P 1083 (1921); *State v. Brinkley,* 55 Or 140, 105 P 708 (1909). The problem comes in attempting to apply those tests profitably to an actual statement.

In this case, defendant confessed that he was driving in violation of his license restrictions. His statements regarding his participation in the accident were, therefore, made in recognition of that fact and are part of the confession.[2] Defendant's statements were an affirmation rather than a denial of his participation in the accident. *See State v. Heindenreich,* 29 Or 381, 45 P 755 (1896); *State v. Allen,* 79 Or App 674, 680-81, 720 P2d 761 (1986). Contrary to the majority's assertions, there is no bright line to distinguish which of defendant's statements are admissions and which are confessions. In the absence of proof other than defendant's statements, I would hold that the statements are not sufficiently separate from the confession to corroborate the confession.

Even if defendant's statements are considered admissions, it is not clear that they are legally sufficient to corroborate the confession. In *State v. Lerch,* 296 Or 377, 398 n 21, 677 P2d 678 (1984), the court specifically declined to decide whether admissions can corroborate a confession. Additionally, in this case they do not factually tend to prove or support the inference that defendant was driving. *State v. Lerch, supra.*

Without defendant's confession, there is a complete failure of proof on the element of driving. The motion for judgment of acquittal should have been granted. I respectfully dissent.

Warden, P. J., and Newman, J., join in this dissent.

---

[2] Because driving while suspended is a strict liability crime, any statement regarding defendant's participation in the crime is an acknowledgment of criminal conduct and is a confession itself. *See State v. Heindenreich,* 29 Or 381, 45 P 755 (1896); *State v. Porter,* 32 Or 135, 49 P 964 (1897).