Argued and submitted September 23, 1998, reversed and remanded
October 27, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## CHRISTOPHER A. EVES,
*Respondent.*

(CF00745; CA A99405)

989 P2d 46

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, S. J.*

---

* Retired February 28, 1999.

## WARREN, S. J.

In this criminal case, defendant was indicted for one count of unlawful sexual penetration in the first degree, ORS 163.411, and one count of sexual abuse in the first degree, ORS 163.427. The state appeals a pretrial order suppressing two of defendant's statements. We reverse.

The relevant facts are undisputed. Before defendant's indictment, he was interviewed by Detective Myer. During the interview, defendant admitted to "fingering" the vagina of his infant daughter. Myer then asked defendant "what kind of activities he might have been involved with, which might have precipitated this action." The defendant replied that he had been reading pornographic magazines, that he may have acted this way out of revenge towards his wife, and that he remembered doing things with his sisters when he was 12 or 14 years old and they were 9 or 10 and that those actions may have possibly contributed to his feelings and actions.

Defendant filed a motion *in limine* to exclude those statements. The trial court held that the statement about reading pornographic magazines was evidence of a prior bad act that was irrelevant and that, even if it were relevant, its probative value was outweighed by unfair prejudice. It held that defendant's statement regarding activities with his sisters when they were children was also evidence of a prior bad act that may have some relevance. However, the trial court determined that the prejudicial effect of that statement would also outweigh any probative value it might have. Finally, the court held that the third statement, that defendant may have acted out of revenge toward his wife, was not evidence of a prior bad act but was an admission that was relevant as to motive. Therefore, it suppressed only the statements regarding pornographic magazines and defendant's activities with his sisters. Those are the statements in issue on appeal.

On appeal, the state makes four arguments opposing the suppression of the two statements. It first contends that the trial court failed to recognize that the two excluded statements were admissions, rather than evidence of prior bad

acts. Second, it asserts that, if the statements are properly considered to be evidence of bad acts, then OEC 404(3) does not support the exclusion of the statements. Third, it argues that the trial court acted outside its discretion when it determined that the statements were unduly prejudicial under OEC 403. Finally, it says that the order granting defendant's motion to exclude the evidence was improper because of the subsequent adoption of OEC 404(4). Because we agree with the state's first argument that the statements were admissions and because that argument is dispositive, we address only that argument.

■■ An admission " 'is a concession or voluntary acknowledgment made by a party of the existence of certain facts that are relevant to the cause of the adversary.' " *State v. Manzella*, 88 Or App 258, 263 n 2, 744 P2d 1321 (1987), *aff'd* 306 Or 303 (1988) (quoting *State v. Allen*, 79 Or App 674, 720 P2d 761, *rev den* 301 Or 765 (1986)). Both of defendant's excluded statements were in direct response to the investigator's questions why he had "fingered" his daughter. His response was that he had, in fact, done the physical act that he was accused of and implied that he had done so with sexual intent. Defendant's own statements create a connection between the previous acts and his conduct in this case that would not otherwise exist. The responses from defendant's own mouth established or tended to establish elements of the crime and were improperly excluded.

■■ Although the trial court recognized that the statements might be relevant, it held that, as a matter of law, they were unduly prejudicial. Confessions, as a matter of law, are not unduly prejudicial, and neither are the admissions in this case.

Reversed and remanded.