## THE PEOPLE *v.* AH FUNG *et al.*

On the trial upon indictment for murder, the only witness for the prosecution who saw the transaction itself, testified, in substance, that he and Tung Hoy met a large number of their countrymen, Chinese, six of whom took them out into the chapparal, tied him, and then one of the Chinese struck Tung Hoy on the head with a sword, another pierced him in the back, when he fell, and witness then escaped, and has never since seen him. The Court instructed the jury that if the evidence of this witness were true, defendants were guilty of murder in the first degree : *Held*, that the Court erred, that such instruction assumes the homicide, which was not proven by the witness.

Appeal from the Sixteenth District.

Indictment for murder.

On the trial, Lew Fung was introduced as a witness for the prosecution, and testified substantially as stated in syllabus. The place of the attack, as related by him, was three or four miles from Campo Seco. After escaping, the witness ran about one-half of a mile, when he met two Americans, to whom he told what happened, and one of them went on with witness to Jackson. Witness never saw Tung Hoy afterwards, and there was no proof clearly identifying the body of a

10

Chinaman—supposed to be that of Tung Hoy, and for killing whom defendants were indicted—with Tung Hoy. This witness did not even see this body. There was other proof tending to show the identity of this body with Tung Hoy, such as wounds in the head and back, etc.

The Court below instructed the jury, among other things, that, "the evidence of Lew Fung, the witness, is positive in degree, and if true, the prisoners   *   *   *   *   are guilty of murder in the first degree; on the other hand, if it be not true, they are not guilty in any degree." Verdict of guilty, judgment accordingly, and defendants appeal.

*Harmon & Curtis*, for Appellants.

*Thomas H. Williams, Attorney General*, for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

On the trial of this case, the Court instructed the jury that if the evidence of one of the witnesses was true, the defendants were guilty of murder in the first degree. This witness did not see the deceased after the commission of the offense, and his testimony did not establish the homicide. It is contended that there was no controversy upon that point, and that the Court was correct in assuming the existence of the fact. We do not know, nor can we ascertain, what particular matters were controverted before the jury, but we think the Court had no right to assume the existence of any fact not expressly admitted.

It follows that the judgment must be reversed, and the cause remanded for a new trial.