[Criminal No. 41.   Filed March 20, 1889.]

[21 Pac. 152.]

# TERRITORY OF ARIZONA, Plaintiff and Respondent, v. GEORGE W. KAY, Defendant and Appellant.

1. APPEAL AND ERROR—CONFLICTING EVIDENCE—VERDICT OF JURY.— Where there is any conflicting evidence, although it may greatly preponderate against the verdict of a jury, appellate courts will not interfere.

2. SAME—RECORD—BILL OF EXCEPTIONS—REPORTER'S NOTES—ERRORS OF LAW REVIEWED.—In absence of bill of exceptions or statement of facts, this court will not review the evidence.  What purports to be the reporter's notes, without even his affidavit annexed, is insufficient, and was not intended as a substitute for a bill of exceptions or a statement of facts.  Manifest errors of law should be corrected, even without a bill or statement.

3. CRIMINAL LAW—PROVINCE OF JURY—JUDGES OF FACTS.—It is the exclusive province of the jury, aided by the court only as to questions of law, to say what fact or facts have been proven or not.

4. SAME—INSTRUCTIONS—ASSUMPTION OF MATERIAL FACTS AS PROVEN. —Assumption of material facts as proven in an instruction is error.

5. SAME—SAME—DEGREE OF PROOF—REASONABLE DOUBT.—An instruction in a murder case to "weigh the testimony of all the witnesses in the case, and from that examination of all the testimony, and all that has been given in the case, and render such a verdict as you believe is fair, just, and right," is error, though a proper instruction as to the degree of proof required as that which satisfies beyond a reasonable doubt was given in another part of the charge.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. J. C. Shields, Judge.  Reversed.

The facts are stated in the opinion.

E. W. Wells, and Herndon & Hawkins, for Appellant.

L. F. Eggers, for Respondent.

WRIGHT, C. J.—At the June term, 1886, of the district court in and for Yavapai County, in this territory, the defendant, George W. Kay, was tried and convicted of the crime

of murder in the second degree, and sentenced to sixteen years in the territorial prison. The indictment upon which Kay was tried charged him and one Richard Farley with the murder of one Redmond Costello, on the thirteenth day of February, 1886, in said county. Upon motion of defendant a severance was had, and upon the overruling of the motion for a new trial, based on the grounds, mainly, that the verdict was against the evidence, and that the court below committed certain errors of law, the case has been appealed here.

The first contention of the learned counsel for the defendant and appellant is that the verdict of the jury was against the evidence, and therefore the motion for a new trial should have been sustained. This court has repeatedly recognized the rule, which seems to universally obtain, that where there is any conflicting evidence, although it may greatly preponderate against the verdict, appellate courts will not interfere. The virtue of a motion for a new trial, however, is not only to call attention of the court to the evidence, but to confer upon it power to examine and see whether the evidence justified the verdict or not. It would, therefore, be entirely competent for this court to examine the evidence in the case at bar, if it were not for the fact that no bill of exceptions has been preserved, or statement of facts agreed to by the parties, or fixed by the judge. The notes, or what purports to be the notes, of the court reporter, written out from his short-hand notes, without even his affidavit annexed thereto, will not do. This report of the evidence was not intended as a substitute for a bill of exceptions, or an official statement of facts. The one imports absolute verity; the other, at most, is only *prima facie* true. Hence, we cannot here examine the first question raised by the motion for a new trial. See *People* v. *Padillia,* 42 Cal. 535. Perhaps we would not do so any way, as this decision upon the other points raised will ultimate in a new trial of the case. We entertain no doubt that manifest errors of law should be corrected, even without a bill of exceptions or statement of facts.

The first error of law complained of consists of the following portion of the charge given by the court to the jury: "In this case it is not denied, but is admitted, that the defendant, Kay, at the time named in the indictment, fired the

shot that killed Costello." We think this was error. The record in this case shows that the defendant, upon being formally arraigned, entered a plea of "not guilty," under the force of which nothing was admitted. Whether it had been proven that he fired the fatal shot or not was purely a question of fact for the jury alone to determine. It was not for the court to tell them what facts had been proven; and to tell the jury, under a plea of "not guilty," that it was not denied, but was admitted, that defendant fired the shot that killed deceased, was equivalent to telling them that these facts had been proven. "To questions of law the court responds, and to questions of fact the jury." This is a most salutary rule, and embodies the accumulated wisdom of many ages, acquired in trial courts. It is therefore the exclusive province of the jury, aided by the court only as to questions of law, to say what fact or facts have been proven, and what not. Whenever the court assumes that any facts have been proven in a case, it at once trenches upon the province of a jury, and commits error. As the supreme court of California, in *People* v. *Strong,* says: "In giving the instruction under consideration, the court assumed that the defendant had made confessions. Even if the evidence had tended to prove that the defendant had in any degree admitted or confessed participation in the crime with which he stood charged, it was for the jury to determine whether such evidence amounted to proof of the fact." See *People* v. *Strong,* 30 Cal. 158; also *People* v. *Ah Fung,* 16 Cal. 137; *People* v. *Carabin,* 14 Cal. 438; and *People* v. *Williams,* 17 Cal. 146. It is clear to us, therefore, that this portion of the charge to the jury was erroneous. Again, we think the following portion of the charge to the jury was objectionable: "In determining, however, whether the killing was done with that premeditation, deliberation, and formed design which I have spoken of as being necessary for you to find to exist in order to convict of murder of the first degree, you may properly consider the fact that the defendant armed himself after the first difficulty, and that Farley was with him, also armed; the length of time intervening after so arming themselves and returning to the cabin of the deceased; the defendant's manner and language; and the fact that the defendants came back so soon

after the difficulty with Costello,'' etc.   Was it a fact that
the defendant armed himself after the first difficulty; that
there was a first difficulty; that Farley was with him, also
armed; that they returned to the cabin of the deceased; and
that defendant came back so soon after the difficulty with
Costello? If so, was it not the exclusive province of the jury
to ascertain all these facts from the evidence? Was it not
error for the court to find them? If a court may find a por-
tion of the facts, in a case where a man is on trial for his life
or liberty, may it not find all of them, and thus relieve the
jury from the responsible, and often unpleasant, duty of
ascertaining them from the evidence? The law estimates
human life and liberty at great value, and has thrown around
them every shield or protection that the most enlightened
jurisprudence and advanced civilization have suggested.

It is again urged that the following concluding part of the
charge was erroneous: ''Weigh the testimony of all the wit-
nesses in the case, and from that examination of all the testi-
mony, and all that has been given in the case, you render such
a verdict as you believe is fair, just, and right.'' If this had
been a civil suit, this instruction would hardly, we think, be
obnoxious to criticism; but this was a trial for murder, and
while, under the force of this instruction, the jury might have
felt authorized to decide from a mere preponderance of the
testimony, yet the law is well settled that in this class of
cases they may not do so. They must be satisfied beyond a
reasonable doubt as to every fact necessary to convict. True,
this court holds that a reasonable doubt means a real, sub-
stantial doubt, arising from the evidence, and not a mere
possibility of defendant's innocence; still, it is required that
the jury be satisfied beyond a reasonable doubt. It is not
incumbent on the jury, even in a civil suit, to bring in such
a verdict as they believe to be fair, just, and right; and, if
nothing more is required in a criminal suit, what is the dis-
tinction between them? It is evident that the court aimed to
be fair and impartial in its charge, for in one portion of it
the jury is told that it must be satisfied beyond a reasonable
doubt, and beyond a moral certainty; and in another portion
it is told that the court had nothing to do with the evidence.
And yet can we say that to conclude the charge by telling the

jury to bring in such a verdict as they believe to be fair, just, and right, assuming certain facts, and telling the jury that the defendant had made certain admissions, when his plea of "Not guilty" had been entered, did not have any influence with them? And if so, may not that influence have been prejudicial? Might not the jury believe that their verdict was fair, just, and right, and yet not be satisfied beyond a reasonable doubt. The concluding portions of a charge generally have great force with a jury. They know the court is then giving its ultimate conclusions of law of the case, and are therefore apt to follow any directions contained in these conclusions. The errors here pointed out are such as are liable to occur with the most experienced jurist, in delivering an extemporaneous charge to the jury. We are of the opinion that the judgment should be reversed, and the cause remanded. It is so ordered.

Barnes, J., and Porter, J., concur.