[Civil No. 568.    Filed June 11, 1898.]

[53 Pac. 586.]

## P. L. KASTNER et al., Defendants and Appellants, v. JOHN G. CAMPBELL, Plaintiff and Appellee.

1. LANDLORD AND TENANT—LEASE—ACTION FOR RENT—EVIDENCE—RE-
   SCISSION OF LEASE AT DATE LATER THAN TIME FOR WHICH RENT IS
   SOUGHT—IMMATERIAL.—Evidence tending to show a rescission of a
   lease at a date later than the month for which recovery of rent is
   sought is immaterial.

2. SAME—SAME—SAME—SAME—LESSEE'S ACTS TOWARD SURRENDER OF ESTATE PROPERLY EXCLUDED IN ABSENCE OF AVOWAL OF INTENTION TO PROVE LANDLORD'S ACQUIESCENCE THEREIN.—An offer of proof of the service of notice by the lessee of his intention to leave the leased premises, and also of other acts, solely upon his part, showing what he alone did towards surrendering the lease, is properly refused, upon objection, there being no avowal that these acts would be connected with any acceptance on the part of the lessor.

3. SAME—SAME—SURRENDER — AGREEMENT — ACTS EVIDENCING AGREEMENT.—The surrender of a lease is the yielding up of the estate to the landlord so that the leasehold interest becomes extinct by· mutual agreement between the parties. It is either in express words or by operation of law, through some act which implies that they have both agreed to consider the surrender as made.

4. SAME—SAME—SAME—EVIDENCE—ADMISSIBILITY.—In an action for rent due upon a lease where the defense is surrender of the lease, evidence of a dissolution of partnership between the lessees and the removal of one with the knowledge of the lessor prior to the default in the rent and of a controversy between the lessor and the remaining partner about the rent, and of said partner's desire to pay the rent and remove to a building he had been forced to construct, and of the lessor's refusal to permit such removal, is inadmissible to prove surrender of the lease.

5. SAME—SAME—SAME — JURY — INSTRUCTIONS — ONLY SUCH AS ARE PERTINENT TO THE EVIDENCE.—It is the duty of the court in charging the jury to give only such instructions as are pertinent to the evidence.

6. SAME—TENANCY AT WILL—WHAT CONSTITUTES — TERMINATION.—If the lessee is occupying premises under a verbal agreement with the owner that he should pay therefor one hundred dollars per month, which agreement is to continue for no definite length of time, such lessee is a tenant at will, and can terminate the lease whenever he chooses by giving to the owner reasonable notice of such intention and paying all rent due to date of said termination.

7. SAME—LEASE—SURRENDER—DEFENSE—BURDEN OF .PROOF.—The burden of proving the surrender of a written lease rests upon the defendant alleging such surrender.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

T. W. Johnston, for Appellants.

It was competent to show any acts, words, or conversation by the plaintiff and the defendants from which it may be

reasonably inferred that it was the intention of both that the written lease should be abandoned and the terms thereof rescinded. *Martin* v. *Stearns,* 52 Iowa, 347, 3 N. W. 92; *Hill* v. *Robinson,* 23 Mich. 25; *Witman* v. *Watry,* 31 Wis. 639; *Bedford* v. *Terhune,* 30 N. Y. 462, 86 Am. Dec. 394; *Amory* v. *Kanoffsky,* 117 Mass. 351, 19 Am. Rep. 416.

J. F. Wilson, for Appellee.

DAVIS, J.—This suit was commenced in the court of a justice of the peace of Prescott Precinct, Yavapai County, and on appeal was taken to the district court of said county, where it was tried at the November term, 1894. It is an action by the appellee to recover rents from the appellants, P. L. Kastner and Ellen J. Thorne, under the terms of a written contract. The complaint in substance alleges that on the thirtieth day of July, 1886, the appellee leased to the said appellants certain premises for a period of three years from September 24, 1886, at a monthly rental of one hundred dollars, payable in advance; that said lessees entered into the possession of said premises and occupied the same; but that on January 1, 1889, they violated the provisions of the lease by refusing to pay the rent for that month, and it is for this installment of rent that Campbell sues. Attached to the complaint is a copy of the lease contract, a material feature of which is a provision that the lessor shall construct a building upon the premises of certain plans and dimensions, in consideration of which, and to aid in the construction thereof, the lessees were to advance the sum of five hundred dollars on rents. The lessees, Kastner and Thorne, by their answer, represent that they kept the premises from September 24, 1886, until March 24, 1888, when, as they claim, the lease ceased and determined, for the reason that said lessor, Campbell, had failed to complete the building as agreed by him, and had left it in an unfinished state, unsuitable for occupancy, and only worth fifty dollars per month rental; that from September, 1886, to March, 1888, the said lessees had paid eighteen hundred dollars in rents, in anticipation of the completion of said building, and are entitled to damages, which they ask to recoup against Campbell in this action. By way of further answer there is a denial of any indebtedness for rent, and an allegation of a new and verbal agreement, by

which Kastner alone continued in the occupancy of said premises under a tenancy at will, from March 24, 1888, to December 24, 1888, when he surrendered the possession thereof. Upon this state of the pleadings the case proceeded to trial before a jury in the district court, and on a conflict of evidence as to whether or not the building had been completed in accordance with the contract, and as to whether or not there had been a rescission and cancellation of the lease, the jury found for the plaintiff, Campbell, and returned a verdict in his favor for the amount claimed. Judgment was rendered against Kastner and Thorne (defendants) for the sum of one hundred dollars and costs, and from the judgment and order of the district court overruling their motion for a new trial they have appealed to this court.

The errors complained of are based upon the rulings of the trial court in excluding evidence and in giving and refusing instructions to the jury. In the appellants' brief they are conveniently grouped into two classes: 1. The refusal of the trial court to permit the defendants to prove various acts of both plaintiff and defendants, and have the same submitted to the jury in order that the question of the intention of the parties to surrender the lease might be inferred therefrom; and 2. The instructions of the court, claimed to be tantamount to asserting that no actions, words, or conversations of the parties could effect a surrender of the lease, but that it must be surrendered with the acquiescence and consent of plaintiff other than by acts and words.

It develops that on the trial the appellants sought to show, both in the direct examination of the lessee Kastner and the cross-examination of the lessor, Campbell, that the latter had taken possession of and reassumed control over said leased premises subsequent to the month of January, 1889, and before the expiration of the lease term; but that, upon objection, this line of testimony was excluded by the court. It is claimed by appellants that such conduct on the lessor's part, if shown, would be a fact to be considered by the jury in determining whether or not there had been a surrender of the lease by the appellants which the appellee had recognized and accepted. The action at bar is limited to the recovery of rent for the month of January, 1889. Any conduct on the part of the appellee tending to show a rescission of the lease at a later

date could not, as we view it, affect rights and liabilities already accrued, or be material in any way to the issues of this case. Again, the appellants offered to prove the service of notice by the lessee Kastner of his intention to leave the premises, and also other acts, solely upon his part, showing what he alone did towards surrendering the lease. There was not included in the offer the slightest avowal that these acts would be connected with any acquiescence, acceptance, or reciprocal conduct on the part of the lessor, and we think that under objection this evidence was also properly excluded. Text-writers agree that a surrender is the yielding up of the estate to the landlord, so that the leasehold interest becomes extinct by mutual agreement between the parties. It is either in express words or by operation of law, through some act which implies that they have both agreed to consider the surrender as made. Decided cases are to the same effect. *Beall* v. *White*, 94 U. S. 382; *Bedford* v. *Terhune*, 30 N. Y. 458, 86 Am. Dec. 394.

The record further shows that objection was sustained to appellants' attempt to show a dissolution of partnership between Kastner and Thorne, and the removal of Thorne from said premises before January, 1889, with the knowledge of the lessor, Campbell, and this is claimed to be error, upon the theory that such testimony would tend to show a surrender of the lease. It is also contended, and for a similar reason, that the court erred in sustaining the objection to the following question asked the appellee, Campbell, upon his cross-examination: "Isn't it a fact that when you had this controversy with Kastner about the rent, and he wanted to pay you the rent and remove to the building which he had constructed, and which he had been forced to construct, that you declined to permit it?" We cannot conceive that the effect of this or any of the excluded testimony would be to show acts fairly tending to prove the surrender and rescission of the lease, and hence conclude that the rulings of the court in relation thereto were not prejudicial to the appellants.

Appellants complain of the instructions of the court. They are lengthy, and we do not deem it necessary to quote them *in extenso* here. An examination will not show them to be susceptible of the construction and effect given by appellants. It was the duty of the court in charging the jury to

give only such instructions as were pertinent to the evidence. The following instruction, slightly modified from the form in which it was requested by appellants, was adapted to the only theory of mutual rescission of the lease that had any support in evidence, and was as favorable to the appellants as the circumstances required: "If the jury believe from the evidence that said Kastner, just before he quit said premises, was occupying said premises alone under a verbal agreement with said plaintiff that he should pay therefor at the rate of $100 per month, and that said agreement was to continue for no definite length of time, then said Kastner was, in legal contemplation, a tenant at will of said plaintiff, and could terminate said tenancy whenever he chose so to do, by giving to plaintiff reasonable notice of his said intention, and paying all rent due to date of said termination; and if the jury believe that said Kastner did so rent from plaintiff, so notify him of his intention to quit, did so quit, and did so pay plaintiff all rent due, then plaintiff cannot recover; provided, you find from the evidence that there was a surrender, and said Campbell accepted the surrender, of the original lease, and consented and agreed to such verbal lease; and such acceptance of a surrender of the original lease, if there was any, and consent, may be inferred from the words and acts of the parties thereto, if such acts and words showing such intention are proven. And, as I have said, the burden of showing such surrender of the written lease, if there was any surrender and acceptance thereof, rests upon the defendant." The charge of the court, as a whole, we think fairly and correctly presents the law bearing upon the issues tried, and was not calculated to mislead the jury. The record discloses to us no reversible error, and the judgment of the district court will be affirmed.

Street, C. J., Sloan, J., and Doan, J., concur.