[Civil No. 1717.   Filed February 25, 1920.]

[187 Pac. 584.]

A. B. FRAME, Appellant, v. J. M. MAHONEY, GEORGE MOORE, JAKE WEBER, W. H. SPANGLE and RALPH GREENLAW, Stockholders of JEROME–PORTLAND COPPER MINING COMPANY, a Corporation, on Behalf of Themselves and All Other Stockholders Similarly Situated, Plaintiffs, and HARRY ANDERSON et al., Interveners, Appellees.

1. APPEAL AND ERROR—IN ABSENCE OF EVIDENCE PRESUMPTION IS THAT FINDINGS OF FACT WERE IN ACCORD WITH WEIGHT OF EVIDENCE.— Where the oral evidence was not in the record, it will be presumed that the findings of fact of the trial judge were in accordance with the weight of the evidence.

2. CORPORATIONS—PROMOTERS STAND IN FIDUCIARY RELATION AND ARE LIABLE FOR MISREPRESENTATION.—Promoters of a corporation stand in a fiduciary relation to the corporation and its stockholders, and owe the utmost good faith, so where the promoter of a mining corporation obtained title to mining claims, and without disclosing the facts induced the corporation to issue stock in return for the

---

2. On duty and liability of promoters to the corporation and its members, see notes in 25 L. R. A. 90; 18 L. R. A. (N. S.) 1103.

2. On the relation of promoter to corporation and stockholders, see notes in 4 Ann. Cas. 669; 17 Ann. Cas.. 269; Ann. Cas. 1915B, 176.

conveyance of such claims, the corporation and stockholders have an option to have the stock so issued annulled.

3. CORPORATIONS—ONE WHO TURNED OVER TO CORPORATION WORTHLESS MINING CLAIMS IN EXCHANGE FOR STOCK NOT A "BONA FIDE SUBSCRIBER."—A *"bona fide* subscriber" is one who actually turns over to the corporation something of value, in lieu of the stock issued, so where mining claims transferred by a promoter of a corporation to it in return for stock were practically worthless, the promoter was not a *bona fide* subscriber, within Constitution, article 14, section 6, declaring that no stock shall be issued except to *bona fide* subscribers, and the certificates might properly be annulled.

APPEAL from a judgment of the Superior Court of the County of Yavapai. F. H. Lyman, Judge. Affirmed.

### STATEMENT OF FACTS.

J. M. Mahoney, George Moore, Jake Weber, W. H. Spangle and Ralph Greenlaw, dissatisfied minority stockholders of the Jerome-Portland Copper Mining Company, a corporation, commenced this action in the superior court of Yavapai county in behalf of themselves and all other stockholders of the corporation similarly situated, against A. B. Frame and others.

The corporation was made a party defendant, and for the purpose of showing the right of plaintiffs to file and maintain the suit, it is alleged that a demand was made upon the officers of the corporation to commence this action, but that they refused to do so because they were dominated and controlled by the said Frame in conducting the affairs of the corporation.

After the filing of the complaint, other stockholders of the corporation to the number of about 300 were permitted by the court to intervene in the suit, and these stockholders all adopted the Mahoney complaint. The general purpose of the suit, stated without particularity, was to obtain a decree cancel-

ing and annulling 469,960 shares of the capital stock of the Jerome-Portland Copper Mining Company, alleged to have been issued to the said Frame fraudulently and without consideration. From the allegations of the amended complaint, these general conclusions, avoiding unnecessary reiteration of the detailed averments thereof, may be summarized:

That during the month of April, 1916, the said Frame entered into negotiations with Messrs. Sullivan, Brookshire and Burke, owners of the Brookshire group of mines, with the view of organizing a mining corporation to purchase and take over in the company's name and operate the said Brookshire group of eight admittedly valuable mining claims. It was agreed that a corporation should be formed, to be known as the Jerome-Portland Copper Mining Company, with a capital stock of $750,000 divided into 1,500,000 shares of the par value of fifty cents per share. Under the agreement Frame was to have charge of the affairs of the company, and to be its general manager and stock sales agent. That during the negotiations Frame suggested that other claims be located in the immediate neighborhood of the Brookshire mining claims, and it is alleged that in making the suggestion Frame was actuated by the fraudulent intention and purpose to use such locations, when made, as the medium of procuring for himself a large block of the stock of the Jerome-Portland Copper Mining Company, which was to be formed. That about April 8, 1916, Frame and others associated with him made eleven mining locations near the Brookshire group of mining claims. That these locations were made without any discovery of minerals, and were worthless and valueless, and were mere "paper" locations. That thereafter, on May 4, 1916, articles of incorporation of the Jerome-Portland Copper Mining Company were drafted,

signed and acknowledged by the parties in accordance with said agreement, and were filed with the Corporation Commission and county recorder of Yavapai county. That subsequently the corporation acquired the title to the said group of Brookshire mining claims for $20,000 cash, which amount was secured from the sales of stock of the corporation to plaintiffs and other stockholders, and 280,000 shares of the capital stock of the corporation. That prior to May 15, 1916, approximately 90,000 shares of the capital stock of the corporation had been subscribed by plaintiffs and other stockholders. That prior to May 15, 1916, the said Frame, without consideration, and without cost or expense to him and as the agent and promoter of the corporation, secured deeds from his associates, conveying title to him of the eleven alleged worthless and valueless mining claims. That on May 15, 1916, the directors of the corporation, all of whom had theretofore been appointed at the instance of said Frame, and who were acting for him, and not for and in behalf of the company, without the knowledge or consent of plaintiffs and other stockholders, directed the issuance to Frame of 749,960 shares of the capital stock of the corporation, the alleged consideration therefor being the transfer by Frame to the company of the said eleven worthless and valueless mining locations. That this issue of stock was made secretly and fraudulently, and without consideration, and without the knowledge of plaintiffs and other *bona fide* shareholders of the corporation. That Frame, at the time of the issuance of said stock to him, was in the control of the corporation, all directors being his appointees and acting under his domination and control. That Frame acquired the title to the eleven worthless mining claims which he transferred to the corporation, and held such title as the promoter and

agent of the corporation. That at the time of the institution of the suit, there appeared in Frame's name on the books of the company 469,960 shares of the 749,960 shares of stock which had been originally issued to him, the remainder of the total issue having been disposed of by Frame. That Frame was not a *bona fide* subscriber of the shares of the corporation issued to him, or the assignee of the *bona fide* subscribers thereto, and that such stock remained the property of the corporation.

The complaint made tender of the return to Frame of the eleven worthless mining claims, and prayed for the cancellation of the 469,960 shares of the capital stock of the company issued to Frame, together with attorney's fees, costs, etc. The answer of Frame consisted of a general demurrer, five pleas in bar, denials and affirmative allegations of defense. The court overruled the general demurrer, the pleas in bar were decided adversely to Frame. Findings of fact were made by the court, and a decree was entered, canceling and annulling the 469,960 shares of stock issued to Frame, and requiring the corporation to tender a quitclaim deed to Frame, releasing to him such interest as the company had secured under the deed from Frame to the eleven alleged worthless and valueless mining locations. Other relief not necessary to mention is provided for in the decree. Frame alone appeals.

Mr. Daniel E. Parks and Mr. Arthur I. Moulton, for Appellant.

Messrs. O'Sullivan & Morgan, for Appellees.

BAKER, J. (After Stating the Facts as Above.)— The oral evidence adduced at the trial of this case has not been preserved in the record, the appellant

having failed to obtain the certificate of the trial judge to the transcript of the testimony as taken by the official court reporter. In this situation of the case, we must assume that the findings of fact as made by the court are in accord with the weight of the evidence, and consequently we will only consider questions of law involved in the appeal.

The court found, in effect, that Frame was the promoter of the corporation; that he secured title to the eleven mining claims which he transferred to the company as the company's agent; that he dominated and controlled the directors of the corporation, who caused the stock to be issued to him for the eleven mining claims, and that the transaction was made without disclosing to the plaintiff stockholders and other stockholders the real situation, and without obtaining their express or implied consent thereto.

The court drew the conclusion that the issuance of the stock to Frame for the eleven mining claims was a fraud upon the company, and its stockholders, and constituted a secret profit to Frame as a promoter.

It is now settled law that a promoter sustains a fiduciary relation or a relation of trust and confidence to the corporation and to the stockholders thereof, and as a result of such relation of trust and confidence a promoter will not ordinarily be permitted to retain a secret profit made out of transactions with, or on behalf of, the corporation. Perfect candor and the utmost good faith and the strictest honesty are required of promoters, and their dealings with the corporation must be open and fair. 1 Fletcher's Cyc. Corp., pars. 134, 135; *Dickerman* v. *Northern Trust Co.,* 176 U. S. 181, 44 L. Ed. 423, 20 Sup. Ct. Rep. 311 (see also, Rose's U. S. Notes); *Hughes* v. *Cadena De Cobre Min. Co.,* 13 Ariz. 52, 108 Pac. 231; *Old Dominion C. M. & S. Co.* v. *Bigelow,* 203 Mass.

159, 40 L. R. A. (N. S.) 314, 89 N. E. 193; *Ennis* v. *New World L. I. Co.,* 97 Wash. 122, 165 Pac. 1091.

In *Camden Land Co.* v. *Lewis,* 101 Me. 78, 63 Atl. 523, the court well said: ·

" . . . Promoters of a corporation stand in a fiduciary relation to the corporation, and to its subscribers for stock, and to those who it is expected will afterwards buy stock from the corporation. The promoters owe to them the utmost good faith. And if they undertake to sell their own property to the corporation they are bound to disclose the whole truth respecting it. If they fail to do this, or if they receive secret profits out of the transaction, either in cash or by way of allotments of stock, when there are other stockholders, or it is expected that there will be other holders of the new and additional stock, undoubtedly the corporation may elect to avoid the purchase; or it may hold the promoters accountable for the secret profits, if in cash; or may require the return of the stock if unsold; or if sold an accounting for the profits of its sale."

See, also, *Mason* v. *Carrothers,* 105 Me. 392, 74 Atl. 1030.

We think the findings and conclusions made by the trial court bring the case within the principles announced in the foregoing authorities, and that the stock issued to Frame was properly canceled and annulled as having been fraudulently issued to him, whereby he obtained a secret profit as a promoter of the corporation.

We are also of the opinion that the issuance of the stock to Frame was in violation of section 6, article 14, of the Constitution of this state, which provides:

"No corporation shall issue stock, except to *bona fide* subscribers therefor or their assignees. . . . All fictitious increase of stock or indebtedness shall be void."

One of the findings of the trial court is substantially to the effect that the eleven mining claims transferred by Frame to the corporation, and in consideration of which he received the shares of stock in question were worthless and valueless, and it therefore necessarily follows that Frame was not a *bona fide* subscriber. A *bona fide* subscriber is one who actually turns over to the corporation something of value in lieu of the stock issued to him. *Gordon* v. *Cummings et al.,* 78 Wash. 515, 139 Pac. 489; *James* v. *P. B. Steifer Min. Co.,* 35 Cal. App. 778, 171 Pac. 117.

After a careful examination of the record before us, and the points urged for a reversal, we have been unable to discover a just reason for disturbing either the judgment or the order refusing a new trial, and both are therefore affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.