WALTON, Appellant, v. STANDARD DRILLING COMPANY, Respondent.

(181 N. W. 96.)

(File No. 4834.  Opinion filed January 29, 1921.)

1. **Corporations—Officers' Issue of Stock for Oil Lease, Worthless Shares. of Other Stock and Future Services, Void Stock Issue— Statute Re Directors' Valuation of Property Exchanged, Necessity Of.**

An issue of stock certificates for 5000 shares of original and unissued stock of a domestic corporation, the consideration for which was an oil lease on 200 acres of Texas land valued at $200, 10,000 shares of worthless stock in another corporation, and future services in $1,000 to be performed, is a void stock issue and subject to cancellation under Sec. 8775, Code 1919, providing that corporations for profit must issue stock certifi-

cates when fully paid up and may provide in by-laws for issue thereof prior to full payment "under such restrictions and for such purpose as their by-laws may provide," and that when property is taken by the corporation in consideration for its capital stock, the judgment of the board of directors made in good faith, etc., shall be conclusive as to value of such property when such action is entered on corporate minutes.

2.   **Same—Corporate Stock Certificates, Whether Negotiable Instruments—Estoppel of Corporation to Allege Non-Consideration For Stock Issue—Stock Transfer, How Effectuated Re Books.**

Stock certificates of domestic corporations organized under the general incorporation law, are not negotiable instruments; while they possess some attributes of negotiability and are sometimes treated as quasi negotable, yet as against the corporation they are transferable only by surrender and transfer on corporate books; and where certificates have been illegally issued, i. e. without board of directors' authority, corporation is not estopped from asserting such illegality and to cancel the stock on that ground; such stock being void in hands of all holders.

Appeal from Circuit Court, Hughes County. Hon. John F. Hughes, Judge.

Action by E. T. Walton, against the Standard Drilling Company, a corporation, to compel defendant to record a transfer of some of its corporate stock to him on the corporate books. Judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*John A. Holmes,* and *C. S. Arnold,* for Appellant.
*Gaffy, Stephens & McNamee,* for Respondent.

To point one of the opinion, Appellant cited: Sec. 423, Civ. Code 1903 (Sec. 8775, Code 1919); Sec. 4, Chap. 104, Laws 1907; Anderson et al. v. Scandia Mining Syndicate Company et al, 26 S. D. 558; Axford v. Western Syndicate Investment Company, 170 N. W. 587; Schiller Piano Company v. Hyde, 162 N. W. 937.

(2)   To point two, Appellant cited: Axford v. Western Syndicate Investment Co., 170 N. W. 587; Sec. 8775, Code 1919.

POLLEY, P. J.   The defendant is a South Dakota corporation. On the 16th day of July, 1920, the president and secretary of defendant, without authority from the board of directors, issued and delivered to one MacGinnis its stock certificate No. 104

for 5,000 shares of the original and unissued capital stock of such corporation. The only consideration received or to be received by defendant for such stock was a certain oil lease on 200 acres of land in Texas of the value of $200; 10,000 share of the corporate stock of another corporation of no value at all; and future services to be performed $1,000. Thereafter MacGinnis sold such stock certificate to E. T. Walton, the plaintiff in this action, for the sum of $2,000 in cash paid by Walton. At the time of this purchase plaintiff had no knowledge of the manner in which said certificate had been issued to MacGinnis or what MacGinnis had paid for same, nor did plaintiff make any inquiries as to whether the same had been legally issued or whether the same was transferable on the books of the corporation. After plaintiff acquired the certificate he presented it to the proper offices of the corporation and requested that it be transferred on the books of the corporation. This request was refused, and plaintiff brought this action for the purpose of compelling the defendant to make such transfer. The defendant's reason for refusing to make the transfer was that the same had not been paid for at its par value at the time of its issuance and that under the provisions of the Constitution and statutes of this state said certificate is void. In its answer defendant asks that the certificate be declared to be wholly void; that it be cancelled; and that plaintiff be enjoined from further attempting to transfer the same, or to make further claim against the defendant because thereof. Findings and judgment of the trial court were for defendant, and plaintiff appeals.

[1] That capital stock issued under the circumstances above set out is void and subject to cancellation is so well settled in this and other states that it seems that further discussion of the subject would be a work of supererogation. Section 8775, Code 1919, reads as follows:

"All corporations for profit must issue certificates of stock when fully paid up, signed by the president and secretary, and may provide in their by-laws for issuing certificates prior to full payment, under such restrictions and for such purposes as their by-laws may provide, * * * When property is taken by the corporation in consideration for capital stock of the corporation, the judgment of the board of directors, made in good faith and entered on the minutes of the corporation, shall be conclusive as to

the value of such property. Whenever the capital stock of any corporation is divided into shares and certificates therefor are issued, such shares of stock are personal property and may be transferred by indorsement by the signature of the owner, or his attorney or legal representative, and delivery of the certificate; but such transfer is not valid, except between the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties, by and to whom transferred, the number or designation of the shares, and the date of the transfer."

Under the provision of this statute, if property of any kind is accepted in lieu of money for shares of stock, the board of directors must fix the value of such property and enter the same on the minutes of the corporation. In this case it is not claimed that the board of directors ever passed judgment on the value of any part of the consideration that was accepted for the stock involved. Of course, no record was or could have been made on the minutes of the corporation; therefore the attempted sale of the stock was unauthorized and null and void. Anderson v. Mining Syndicate et al., 26 S. D. 558, 128 N. W. 1016.

[2] But it is contended by appellant that certificates of stock are negotiable instruments and are governed by the rule applicable to such instruments; that he purchased the certificate for value and without notice that it had been illegally issued and therefore that the corporation is estopped as against him from setting up the defense of no consideration. This is not the law. So far as we are advised, certificates of corporate stock have never been classified in this country as negotiable instruments. They possess some of the attributes of negotiability and are sometimes spoken of and treated as quasi negotiable, but as against the corporation they are transferable only by surrender and transfer on the books of the corporation, and where certificates have been illegally issued, and, as in this case, issued without authority of the board of directors, the corporation is not estopped from ascertaining such illegality and may cancel the stock on that ground. 14 C. J. 664; Lee v. Cameron (Okl.) 169 Pac. 17; Axford v. Western Syndicate Inv. Co., 141 Minn. 412, 168 N. W. 97, 170 N. W. 587.

In this case the certificate of stock involved, having been is-

sued in violation of the provisions of the Constitution and the statutes of the state, is void in the hands of all holders.

The judgment appealed from is affirmed.