[Civil No. 2388.  Filed February 17, 1926.]

[243 Pac. 400.]

LEMUEL J. OVERLOCK, BENJAMIN F. MIL-
LARD, HARRY HOUSAN, CON VAS GREEN,
WILLIAM H. RENICO, CHARLES A. JOHN-
SON, WALTER A. DOUGLAS, CHRIS DABO-
VICH, CATHERINE ROSENBERGER, LOUIS
J. WILLIAMS, A. F. DE BORRA, JAMES W.
ETTLINGER, ALEXANDER D. RICHARD-
SON, ELMER JOHNSON, BARRY O'LEARY,
MICHAEL HYDE, EMMITT B. TRUMAN,
AMASA F. CRAIG, JOHN C. COLLINS,
RICHARD A. BRETHERTON and CHARLES
M. FRUITMAN, Appellants, v. JEROME–
PORTLAND COPPER MINING COMPANY,
a Corporation, R. B. WESTERVELT, as Re-
ceiver of Said Corporation, JEROME–BISBEE
COPPER COMPANY, a Corporation, THE
BANK OF ARIZONA, a Corporation, LINCOLN
H. BEYERLE, GEORGE BROOKSHIRE and
C. C. STUKEY, Appellees.

1. Corporations—Constitutional Clause Prohibiting Issuance of
Stock Except to Bona Fide Subscribers or Assignees Construed
as to Purpose.—The evident purpose of Constitution, article 14,
section 6, which provides that "no corporation shall issue stock,
except to *bona fide* subscribers therefor or their assignees," was to
prevent the issuance of stock except to parties who paid for it at
its face value, and was intended more for the protection of cred-
itors of the corporation than otherwise.

2. Corporations—Where Stock Issue Declared Void Because in
Violation of Fundamental Public Policy, Reissue of Same
Stock Void as Against Positive Law — Bona Fide Purchasers
of Void Stock not Entitled to Compel Recognition and Stand-
ing as Stockholders.—Where the issuance of stock was, in pre-

2. Effect of failure to comply with statutory provision re-
quiring payment at time of subscribing, see note in 6 A. L. R. 1116.

vious adjudications, *held* null and void as without consideration, under Constitution, article 14, section 6, any reissue of such stock would also be void, and *bona fide* purchasers could not compel recognition and standing as stockholders.

See (1) 14 **C. J.**, p. 447, n. 87 New.   (2) 14 **C. J.**, p. 453, n. 50.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Messrs. Ellinwood & Ross, Mr. James S. Casey and Mr. Maurice Blumenthal, for Appellants.

Messrs. O'Sullivan & Morgan, for Appellees.

ROSS, J.—This is an action brought by appellants, plaintiffs below, against appellees, defendants below, to compel the defendant, Jerome-Portland Copper Mining Company, to recognize plaintiffs' certificates of stock, and to require that company and its receiver to transfer such certificates on the books of the company and thus give plaintiffs a standing as stockholders of such company.

According to the pleadings and agreed statement of facts plaintiffs are *bona fide* owners of such certificates of stock, having bought in the open market and paid a valuable consideration therefor. The defendants contend that such certificates are not valid because they were issued in violation of constitutional provisions of this state; and they cite and rely upon two decisions of this court, upon the question of the validity of such stock, as sustaining their contention, to wit: *Frame* v. *Mahoney*, 21 Ariz. 282, 187 Pac. 584, and *Ettlinger* v. *Collins*, 25 Ariz. 115, 213 Pac. 1002. The learned trial judge decided the issues in favor of defendants, and plaintiffs appeal. By a single assignment they question the correctness of the court's

ruling, insisting that, upon the pleadings and the facts, they were entitled to judgment.

The Frame case was an action by minority stockholders of the Jerome-Portland Copper Mining Company, brought in behalf of the company and themselves for the purpose of having canceled 469,960 shares of its stock, appearing upon its books in Frame's name, on the grounds that the same were fraudulently issued to Frame, and issued in violation of section 6, article 14 of the state Constitution. That suit resulted in a judgment canceling and annulling the 469,960 shares of stock: First, because they were fraudulently issued to Frame, ''whereby he obtained a secret profit as a promoter of the corporation''; and, second, because the property conveyed to the corporation by Frame in consideration for said stock was ''worthless and valueless,'' and he therefore ''was not a *bona fide* subscriber'' as provided in section 6, article 14, *supra*. It appears that, although an effort was made in the Frame case to impound the 469,960 shares of stock involved, the effort was unsuccessful. The certificates being in the possession of Frame, he paid no attention to the restraining order forbidding him to transfer, sell, or assign any of such stock but proceeded secretly, in violation thereof, to transfer said shares, through a registrar and transfer agent of the company in the state of New York, to one Berry Hopkins. Subsequently, and while the injunction was pending, Frame placed the certificates issued to Hopkins in the hands of brokers for sale, and the brokers (according to stipulation), in good faith sold to plaintiffs, and plaintiffs in good faith bought, for value, without notice of any defect and without knowledge that such stock was a part of the stock involved in the Frame case. It is also stipulated that:

"Plaintiffs' certificates were issued without the knowledge or consent of the company, its stockholders or officers with the exception of Frame, who was the president of the company; that no consideration was received by the company for the issuance of the certificates held by plaintiffs."

It is obvious from the above facts that the stock of the plaintiffs was only indirectly involved in the Frame case, as it was a reissue or reissues of the stock that was canceled and annulled by the decree in that case. Because of this difference, however, it is the contention of plaintiffs that their rights were not passed upon or adjudicated in the Frame case, and that their position as stockholders is unaffected by the ruling or decision therein. They claim, under the generally well-recognized rule, that, since the defendant corporation permitted said stock, regular and proper in form, to be issued and sold in the open market to *bona fide* purchasers for value, it is estopped to deny the validity of such stock.

If we were unhampered by any former construction of the decision in the Frame case, we would be inclined to adopt a construction thereof in accord with plaintiffs' contention. We there said, after sustaining the trial court's order canceling the Frame stock for fraud:

"We are also of the opinion that the issuance of the stock to Frame was in violation of section 6, article 14, of the Constitution of this state, which provides: 'No corporation shall issue stock, except to *bona fide* subscribers therefor or their assignees. . . . All fictitious increase of stock or indebtedness shall be void.'"

We gave, as the reason why the stock was issued in violation of the constitutional provision, the fact that it was issued without consideration or for a worthless and valueless consideration.

The Frame stock was not an overissue, and therefore not a "fictitious increase of stock" and void on that ground. A proper construction of the language quoted doubtless would be that the stock in the hands of Frame should be annulled, since he paid nothing for it and was not a *bona fide* subscriber. So construed it would have been in harmony with the language and spirit of the Constitution. The evident purpose of the clause, which says, "No corporation shall issue stock, except to *bona fide* subscribers therefor or their assignees," was to prevent the issuance of stock except to parties who paid for it at its face value, and was intended more for the protection of creditors of the corporation than otherwise. This same provision is found in the Constitutions of Washington and Utah, and, if we rightly understand their courts, that is their view. *Gordon* v. *Cummings,* 78 Wash. 515, 139 Pac. 489; *Rolapp* v. *Ogden etc. Co.,* 37 Utah, 540, 110 Pac. 364. And under a constitutional provision of very similar import a like construction has been given by the Texas Court of Civil Appeals. *Houston Fire etc. Co.* v. *Swain,* 114 S. W. 149.

In the Ettlinger case plaintiff had sued Collins & Bretherton, brokers, for damages in selling him stock of the defendant, Jerome-Portland Copper Mining Company, knowing at the time, as he alleged, that such stock "had been adjudged to be fraudulent and void" by the superior court of Yavapai county, in *Mahoney* v. *Frame,* and affirmed by the state Supreme Court. It was there contended by the defendants that the decree in the Frame case did not annul or cancel the reissue of the Frame stock, so it cannot be said the matter decided by the court was not in issue or not necessary to a disposition of the case. The question of the validity of such reissue was raised by the pleadings, and was presented by argument and

briefs. In that case some of the stock here involved (Ettlinger's) was the subject of litigation, and we there said:

"If the stock involved in this case were a part of the stock condemned by this court in the Frame Case, then the stock involved is invalid and worth-less. . . ."

We then quoted section 6, article 14 of the state Constitution, and commented as follows:

"Similar constitutional or statutory provisions may be found in the states of Pennsylvania, Oklahoma, Illinois, California, Nebraska, Kentucky, Alabama, Arkansas, Missouri, Texas, Louisiana, Colorado, South Dakota, Ohio, New York, Wisconsin, Maine, Utah, Indiana, Mississippi, New Jersey, Tennessee, Washington, Oregon, Massachusetts and Iowa. These constitutional and statutory provisions invariably end with the statement, 'All fictitious increase of stock shall be void,' and in the states which have these provisions, it has been uniformly held that stock issued in violation of them is null and void. The provisions seem to be a declaration of public policy, and the decisions are to the effect that any act done in violation of the public policy of the state is null and void."

The writer of the syllabi construes the opinion on that point as follows:

"Under Constitution, article 14, section 6, prohibiting issuance of stock by a corporation, except for money or property received, or for labor done, and making all fictitious increase of stock or indebtedness void, the issuance of stock by a corporation for which no sufficient consideration has been paid is contrary to public policy, and the stock so issued is void."

And we believe this headnote correctly states the point decided.

The shares of stock involved in the Ettlinger case are here involved, and it and all of the plaintiffs' stock was a reissue or reissues of the Frame stock canceled and annulled in the Frame case. In remanding the Ettlinger case we gave as a guide to the trial judge this rule: If the stock was a part of the Frame stock it was void as being issued without consideration and in violation of a constitutional policy of the state. Right or wrong, that decision finally settled the status of the Frame stock as well as any reissue thereof as null and void. If the decisions in the Frame and Ettlinger cases be, when construed together, to the purport and effect that the stock in the circumstances under which it was issued to Frame was void because issued in violation of the declared public policy of the state as written into the fundamental law, then any reissue thereof would also be void as against positive law. *First Avenue Land Co.* v. *Parker,* 111 Wis. 1, 87 Am. St. Rep. 841, 86 N. W. 604) ; *Lee* v. *Cameron,* 67 Okl. 80, 169 Pac. 17; *Walton* v. *Standard Drilling Co.,* 43 S. D. 576, 181 N. W. 96; *Thompson* v. *Commonwealth, etc.,* 46 S. D. 141, 191 N. W. 447. The subject matter of both those cases, and that of this case, is the same, to wit, the validity of the Frame stock and the reissues thereof, and, the conclusion reached in those cases, being adverse to the contentions of the plaintiffs here, it seems to us finally disposes of this case, and we must bow thereto even though not satisfied.

The judgment of the lower court is therefore affirmed.

McALISTER, C. J., concurs.

LOCKWOOD, J., Concurring specially.—I concur in the affirmance of the judgment solely on the ground that, under the decisions of this court in the Frame

and Ettlinger cases cited above, the court held the stock issued to Frame was null and void under the provisions of section 6, article 14 of the state Constitution. That matter being *res adjudicata,* it necessarily follows that a reissue of stock void *ab initio* is itself equally void.

I do not, however, wish to be understood as concurring in the interpretation given article 14, section 6, *supra,* in the two cases cited. I believe the last sentence, which reads, "All fictitious increase of stock or indebtedness shall be void," refers only to stock issued or indebtedness incurred in excess of an amount authorized by law, and not to stock issued or indebtedness incurred in violation of the first sentence of the section.