## NORTHWEST MANUFACTURING AND MILLING COMPANY, Respondent, v. FRENCH, et al., Appellants.

### (183 N. W. 117.)

(File No. 4760.   Opinion filed June 2, 1921.   Rehearing denied July 16, 1921.)

**Corporations—Interlocking Directorates, Contracts Between, Effect—Transfer of Stock for Property—Non-valuation of Property by Directors, Effect—Statute.**

Where three individuals were sole stockholders and directors of an Iowa corporation, and where 3 of the 5 directors of plaintiff, a South Dakota corporation, and findings in a suit for cancellation of stock in the latter corporation showed that said individuals as plaintiff's directors at a pretended meeting pretended to enter into an agreement with themselves as directors of the Iowa corporation to issue to the latter common shares of plaintiff corporation in $51,000.00 par value for and in consideration of certain pretended rights pretended to be sold plaintiff corporation in certain territory, and pretended trade names and marks pretended to be owned by the Iowa corporation, and that at a subsequent meeting a similar formality resulted in a further issue of stock in plaintiff corporation for $17,400.00, par value in consideration of pretended extension of said territory and said pretended trademarks, etc., and a resolution was passed pretending to authorize plaintiff's officers to issue and deliver said aggregate shares to themselves as officers and directors of the Iowa corporation; held, construing Sec. 423, Rev. Code 1903, as amended by Ch. 104, Laws 1907 (Sec. 8775, Code 1919), providing that when property is taken by the corporation in consideration for its capital stock, the judgment of the board of directors, made in good faith and entered in the minutes of the corporation shall be conclusive as to value of such property, that (following Walton v. Standard Drilling Co., 43 S. D. 576, 181 N. W. 96), if property is accepted in lieu of money for shares of stock, board of directors must fix value of such property and enter same on the corporate minutes; and, it not appearing in instant case that any evidence was offered tending to show value in the consideration given for the stock, except that one of the transferred formulas was used by plaintiff in 1919, in which year the corporation is said to have made profits sufficient to declare a dividend, such evidence being insufficient to establish adequate value, nor any evidence of directors' good faith in placing a valuation of

$68,400.00 on the property transferred to plaintiff, in absence of such evidence and corporate minutes setting forth judgment of directors as to value, trial court properly cancelled the stock issue.

Appeal from Circuit Court, Brown County. Hon. FRANK ANDERSON, Judge.

Action by the Northwest Manufacturing and Milling Company, a South Dakota corporation, against G. H. French and another and the Associated Chemical Company, an Iowa corporation, and another, for cancellation of corporate stock in plaintiff corporation. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Van Slyke & Agor,* and *Thos. C. Dagget,* for Appellants.

*Williamson, Williamson & Smith,* for Respondent.

Appellants cited, as sustaining contracts between interlocking directorates: Thomp. on Corp., Vol. 2, Sec. 1241; note, page 796, 33 L. R. A. 788; Barnes v. Spencer (Mich.) 127 N. W. 752.

Respondent cited, to same point: Cook on Corp. Sec. 662, note; Ritchie v. Peoples Telephone Co., 22 S. D. 598; Fletcher Cyc. Corp., Vol. IV., Sec. 2354; Vol. IV., Sec. 2376.

GATES, J. This is an action for the cancellation of stock in the plaintiff corporation purported to have been issued in exchange for formulas for stock foods and stock remedies, tradenames, trade-marks, and territorial rights for the sale of such foods and remedies. The three individuals named in the finding of fact hereinafter quoted were the sole stockholders and directors of an Iowa Corporation called the Associated Chemical Company, and were three of the five directors of the plaintiff (under its former corporate name.) Judgment was entered for plaintiff against the defendants French and the Associated Chemical Company. Therefrom and from an order denying new trial they appeal.

The principal arguments of appellants relate to the insufficiency of the evidence to sustain the findings of fact, and concern chiefly finding No. 4 which is as follows:

"That on February 9, 1916, at a pretended meeting of the board of directors of the plaintiff corporation, at which was present and acting only said G. H. French, F. C. Leslie, and C. H. Staggs, as aforesaid, they pretended to enter into an agreement with themselves as directors of the said Associated Chemical

Company, to issue to said Associated Chemical Company shares of the common capital stock of the plaintiff corporation aggregating $51,000 of the par value thereof in payment for and in consideration of certain pretended rights then pretended to be sold the plaintiff corporation in certain territory, and pretended trade-names and marks then pretended to be held and owned by said Associated Chemical Company, and again and thereafter, on December 20, 1916, at a meeting of said board of directors of said plaintiff corporation, at which the said G. H. French, F. C. Leslie, and C. H. Staggs were the only directors present, they pretended to enter into an agreement with themselves as directors of said Associated Chemical Company, to issue to said Associated Chemical Company shares of the common capital stock of the plaintiff corporation, aggregating $17,400 of the par value thereof, in addition to the $51,000 in shares aforesaid, in consideration of a pretended extension of said territory and said pretended trade-marks and trade-names, and at each said meetings said persons as directors passed a resolution, pretending to authorize the officers of said plaintiff corporation to issue and deliver said shares of stock aggregating in the two resolutions $78,400 of the par value of the shares of common stock of the plaintiff corporation.

"That said defendants G. H. French and F. C. Leslie and said C. H. Staggs, as directors and officers of the plaintiff corporation, and pursuant to said pretended resolutions aforesaid, did, without any other authority of law and without any consideration whatever paid therefor, issue of the common capital stock of the plaintiff corporation and delivered it to themselves as officers and directors of the defendant the Associated Chemical Company, on the following named dates, the following certificates of stock of the plaintiff corporation for the number of shares stated. * * *"

The above finding is in accord with the allegations of the complaint and the admissions of the answer, except that the answer alleged the bona fides of the transaction, and that the consideration for the corporate stock was adequate.

Section 423, Rev. Code 1903, as amended by chapter 104, Laws 1907, in force at the time of these transactions (now section 8775, Rev. Code 1919,) provided:

"* * * When property is taken by the corporation in consid-

eration for capital stock of the corporation, the judgment of the board of directors, made in good faith and entered in the minutes of the corporation, shall be conclusive as to the value of such property. * * *"

Concerning that section, this court said in Walton v. Standard Drilling Co., 43 S. D. 576, 181 N. W. 96:

"Under the provision of this statute, if property of any kind is accepted in lieu of money for shares of stock, the board of directors must fix the value of such property and enter the same on the minutes of the corporation. In this case it is not claimed that the board of directors ever passed judgment on the value of any part of the consideration that was accepted for the stock involved. Of course, no record was or could have been made on the minutes of the corporation; therefore the attempted sale of the stock was unauthorized and null and void. Anderson v. Mining Syndicate et al., 26 S. D. 558, 128 N. W. 1016."

The minutes of the proceedings of the directors of the corporation under the dates mentioned in the above finding, if there are such minutes, are not set forth in the record before us. It does not appear from the record that any evidence was offered tending to show value in the consideration given for the corporate stock, much less a value amounting to $68,400, except that it did appear that one of the transferred formulas was used by the corporation in 1919, among other formulas not obtained from the Iowa corporation, in which year the corporation is said to have made profits sufficient to declare a dividend, but this hazy bit of evidence is not sufficient to establish adequate value. It does not appear from the record that any evidence was offered tending to show good faith on the part of the directors in placing a valuation of $68,400 upon the property transferred to the corporation. In the absence of such evidence and in the absence of an entry in the minutes of the corporation setting forth the judgment of the directors as to the value of the property taken over, we cannot say that the trial court erred in making finding No. 4.

Upon the record before us we do not see how the trial court could have come to any other conclusion than it did. We have examined all the points raised in the briefs of counsel, and find them to be without merit.

The judgment and order appealed from are affirmed.